Mrs. Veronica Fannaly WILLIAMS, Plaintiff-Appellant,

v.

LIBERTY MUTUAL INSURANCE COM-PANY, Defendant-Appellee.

No. 72-2590

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1972.

---

* Honorable J. Edward Lumbard, Senior United States Circuit Judge of the Second Circuit, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**1208**

Robert J. Mack, Joseph A. Sims, Hammond, La., for plaintiff-appellant.

Ashton R. Hardy, New Orleans, La., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Community Chevrolet Company, Inc., of Hammond, Louisiana, loaned an automobile to Seth Williams, a prospective buyer. Seth's wife, Veronica Williams, the plaintiff, while riding as a passenger, sustained personal injuries when her husband drove the automobile through a dead-end barricade into an open ditch.

At the time of the accident both Seth and Veronica Williams were living in Louisiana. At the time suit was filed they were living in Mississippi. At the time of trial they were living in Louisiana but had not filed a notice of a change of domicile.

Mrs. Williams sued Liberty Mutual Insurance Company under the Louisiana Direct Action Statute, LSA–R.S. § 22:-655, alleging that it was the public liability insurer of the owner and driver of the automobile. The district court granted Liberty Mutual's motion to dismiss for lack of diversity of citizenship of the parties based upon the 1964

amendment to the diversity statute, 28 U.S.C.A. § 1332(c).[1]

There is no dispute that Mr. and Mrs. Williams were at all pertinent times living together in the same state, either Louisiana or Mississippi. Furthermore, there can be no doubt that both Community Chevrolet and Seth Williams were insureds under the policy, the former being the "named insured" and the latter being the "omnibus insured."

The thrust of Veronica Williams' argument is that the term "insured," as used in the amendment to the diversity statute, 28 U.S.C.A. § 1332(c), should be limited to the *named* insured and does not apply to the *omnibus* insured. Thus, it is contended that there was diversity between Veronica Williams and Community Chevrolet. We disagree.

It is clear from the legislative history and decisional precedent that the term "insured" as it is used in 28 U.S.C.A. § 1332(c) includes the omnibus insured, as well as the named insured. *See* 2 U.S.Code Cong. & Admin. News, 88th Cong., 2d Sess., at 2778–85 (1964); Anderson v. Phoenix of Hartford Insurance Co., W.D.La.1970, 320 F.Supp. 399, aff'd, 5 Cir. 1971, [No. 71–1295, July 8, 1971]; Government Employees Insurance Co. v. Le Bleu, E.D. La.1967, 272 F.Supp. 421. The very purpose of the 1964 amendment to the diversity statute was to eliminate, under the diversity jurisdiction of the federal courts, suits such as this one "in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant." 2 U.S.Code Cong. & Admin.News, supra at pp. 2778–79.

Under § 1332(c) the insurer, in any "direct action" suit in which the insured is not joined as a party-defendant, is deemed to be a citizen of the state in which the insured is a citizen. Accordingly, Liberty Mutual is, for diversity purposes, considered to be a citizen of the state in which Seth Williams is a citizen, which is the same state as the plaintiff's citizenship. Because complete diversity between the parties was thus lacking, the district court had no jurisdiction to entertain the suit.

Affirmed.

1. "(c)  .  .  .  : Provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State in which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." 28 U.S.C.A. § 1332.