**C. R. MOORE, Plaintiff,**

v.

**SENTRY INSURANCE COMPANY,**
**Defendant-Garnishee.**

**Civ. A. No. E74–15.**

United States District Court,
S. D. Mississippi, E. D.

Sept. 17, 1975.

Laurel G. Weir, Philadelphia, Miss., for plaintiff.

Kenneth Watts, Snow, Covington, Temple & Watts, Meridian, Miss., for defendant-garnishee.

### MEMORANDUM OPINION

NIXON, District Judge.

This action is before the Court on Motion of the plaintiff, C. R. Moore, to Remand this case to the Circuit Court of

Leake County, Mississippi, and on Motion of the defendant, Sentry Insurance, for Summary Judgment. On January 24, 1975 the plaintiff recovered a $40,000 judgment in state court against a Mississippi company, the Cadillac Corporation, and thereafter by Writ of Garnishment, sought to collect the amount of that judgment from Cadillac's insurer, Sentry. Sentry removed this action to this Court on March 27, 1974, alleging that a garnishment proceeding is a civil case of which the Court has original jurisdiction and the matter in controversy exceeded the sum of $10,000, exclusive of interest and costs. Sentry is a corporation organized under the laws of the State of Wisconsin, having its·principal place of business in Wisconsin. The plaintiff and judgment creditor, C. R. Moore, was and is now a resident citizen of Leake County, Mississippi.

It is the contention of the plaintiff in his Motion to Remand that a garnishment action is not removable, and secondly, that the resident insured, Cadillac Corporation, is a necessary party to this action, with the result that there is no diversity of citizenship. The Motion for Summary Judgment filed by the defendant is predicated on the propositions that the insured, Cadillac, did not comply with the policy conditions requiring notice of claim and suit in the state court action, and that, in any event, the policies issued by Sentry did not cover the loss on which plaintiff's suit was based.

This Court has carefully examined the records in this case, including the deposition of Mr. Weber W. Pharis, President of Cadillac, and the memoranda filed by the parties in this case in support of their respective positions, and reaches the following findings and conclusions.

Initially this Court must examine the jurisdictional question raised by the plaintiff's Motion to Remand. In so moving, plaintiff has raised the issues that (1) a garnishment action is not re-movable; and (2) the resident insured is a necessary party, thus resulting in lack of diversity.

In a number of early decisions Courts ruled that the question of whether a garnishment action was removable was to be decided by reference to state law. *E. g., Toney v. Maryland Casualty Co.,* 29 F.Supp. 785 (W.D.Va.1939); *Lawley v. Whiteis,* 24 F.Supp. 698 (N.D.Okl. 1938). Among the criteria considered by these Courts were (1) whether the statutes made garnishment a suit in which an issue of fact was or might be joined (*Baker v. Duwamish Mill Co.,* 149 F. 612 (W.D.Wash.1906)); and (2) whether the proceedings were adversary, calling for a judgment independent of the main cause. (*Toney v. Maryland Casualty Co., supra; Joski v. Short,* 28 F.Supp. 821 (W.D.Wash.1939)). However, recent decisions have generally held that Federal, and not State law, determines whether the state court action is a "civil action" and, specifically, whether garnishment is a civil action. *Quinn v. Book Named "Sixty Erotic Drawings from Juliette",* 316 F.Supp. 289 (D.Mass.1970); *Clarise Sportswear Co. v. U & W Manufacturing Co.,* 223 F.Supp. 961 (E.D.Pa.1963). Cases following this modern rule have universally held that garnishment proceedings are "civil actions" which are removable where diversity and jurisdictional amount are present. *Swanson v. Liberty National Ins. Co.,* 353 F.2d 12 (9th Cir. 1965); *Randolph v. Employers Mutual Liability Ins. Co.,* 260 F.2d 461 (8th Cir. 1958), *cert. den.* 359 U.S. 909, 79 S. Ct. 585, 3 L.Ed.2d 573 (1959); *Stoll v. Hawkeye Casualty Co.,* 185 F.2d 96 (8th Cir. 1950).

The Fifth Circuit has not had occasion to squarely consider and decide this question; however, the case of *Rosen v. Godson,* 422 F.2d 1082 (5th Cir. 1970) is interesting in light of the fact that jurisdiction is an issue which may be raised by the Court on its own motion. (*See, e. g., Empire Coal & Transportation Co. v. Empire Coal & Mining Co.,*

150 U.S. 159, 163–164, 14 S.Ct. 66, 37 L.Ed. 1037 (1893)). In *Rosen,* the Fifth Circuit specifically noted that the case was a garnishment action which was removed on the basis of diversity jurisdiction. 422 F.2d at 1083.

■ Even if the Court were required to look to State law to determine whether a garnishment action is removable, Mississippi garnishment proceedings meet the criteria that the suit be one in which an issue of fact might be joined and which is an adversary proceeding calling for judgment independent of the main cause. Mississippi Code Annotated § 11–35–1 *et seq.,* the statutes which govern garnishment proceedings, make it clear that these criteria are met in the Mississippi proceeding.

The Court next considers the plaintiff's contention that the resident insured is a necessary party to this action, thereby destroying diversity. The case of *Randolph v. Employers Mutual Liability Ins. Co., supra,* is squarely on point and disposes of this contention. In that case, the Eighth Circuit, after pointing out that the garnishment action involved was a totally separate cause of action independent of the original cause, stated, "It does not appear that Stokes, the defendant in the state court case, is a party to this proceeding. Even if he were to be considered a party to the present proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to Stokes' interest to have the judgment against him satisfied by his insurer. *In re Removal Cases,* 100 U.S. 457, 468, 25 L.Ed. 593; *Baker v. Duwamish Mill Co.,* C.C., 149 F. 612; 3 Moore's Federal Practice, para. 19.03." 260 F.2d at 464.

■■ The Court finds the logic of the Eighth Circuit in *Randolph* persuasive. The Mississippi garnishment statutes, particularly Miss.Code Ann. § 11–35–47 (1972), clearly are permissive in nature and do not make the resident insured an indispensable party. Even if the resident insured were joined in this law suit, he would have to be aligned for jurisdictional purposes with the plaintiff, thus not affecting diversity.

We now turn to the defendant's Motion for Summary Judgment. The Court finds the uncontradicted deposition of Mr. Weber Pharis, President of Cadillac Corporation, to be persuasive in its consideration of this motion, and page references herein are to that deposition.

The three insurance policies in question, covering the period April 24, 1970 to October 1, 1972, were obtained through Earl Dimitry, Agent for Sentry (Exhibits 3, 4 and 5, pages 36–102) and were always in Cadillac's files (page 103).

In September, 1970, Cadillac sold a mobile home to Mr. and Mrs. C. R. Moore (page 10), transported it to the site selected by the customers, blocked it up, and attached water pipes (page 31). On or about October 19, 1972, a "fire accident" occurred in the mobile home (Exhibit 1, page 17), which is also described as "an explosion and resulting fire" (page 22). Mr. Pharis was aware that it was contended by the insureds that a gas-fired furnace exploded (page 26). A letter of November 24, 1972, from Laurel G. Weir, Attorney for C. R. Moore, asking for the name and address of the liability insurer for Cadillac Corporation (page 17) was received by Pharis who did not reply (page 13).

Mr. Pharis testified that his wife wrote the agent, Dimitry, asking him to come by, "as we need to ask you about coverage on our general liability insurance policy." (Letter dated November 30, 1972, page 18.) The agent did so and said he would get back in touch "if we had coverage." (pages 14 and 20) The agent did not get back in touch with Pharis, who did not receive any denial of coverage from Dimitry or from any other representative of the defendant prior to the trial of the Leake County law suit (page 14).

Mr. Pharis received the state court summons in December, 1972 or January, 1973 and mailed it to attorney Dennis

Goldman who he employed to defend the suit (page 19) but did not give notice of the suit to Mr. Dimitry or to any other representative of the defendant (page 20). From the time he received process until the date judgment was entered in the C. R. Moore suit, Pharis did not discuss coverage with any representative of any insurance company and he had not instructed anyone to put any insurance company, including the defendant herein, on notice of the suit (page 21).

Mr. Pharis did discuss the question of coverage with a Sentry Insurance agent the day the verdict was returned in the C. R. Moore suit (page 21) and was given the name of a man to write, and Mr. Goldman did so the day after judgment was rendered (pages 24–25).

The policy parts for the period April 24, 1970 to April 24, 1971, included as an Exhibit to the deposition of Mr. Pharis, do not have attached insuring agreements and conditions which accompanied those for the subsequent periods, but the "declarations" recite that the coverage provisions are "subject to all the terms" of the policy (page 37), and the "Insurance Binder" (page 98) recites that it is given and accepted "subject to all the terms and conditions of the usual form of policy or policies issued. . . . ."

The policy conditions which are material to this issue appear at pages 74 and 94 of Mr. Pharis' deposition and are as follows:

"4. . . .

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative.

5. *Action Against Company.* No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy.

. . .

8. *Changes.* Notice to any agent or knowledge possessed by any agent or any other person shall not affect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

■ The condition requiring that notice, summons or other process be immediately forwarded to the company, in the event of suit, is valid and binding and the breach of that condition by the insured, Cadillac Corporation, relieves the defendant of any liability to the plaintiff, C. R. Moore. *Prassel Enterprises, Inc. v. Allstate Insurance Company,* 405 F.2d 616 (5th Cir. 1968); *Courtney v. Stapp,* 232 Miss. 752, 100 So.2d 606, 608–609 (1958).

In its Motion for Summary Judgment the defendant also argues that the loss in question does not come within the coverage of any of its policies. In view of the fact that the Court finds well taken and hereby grants Sentry's Motion for Summary Judgment on the ground that the insured, Cadillac Corporation, failed to comply with the policy conditions requiring notice of claim and suit, the Court finds it unnecessary to reach the issue of coverage.

A final judgment conforming with the above Findings of Fact and Conclusions of Law, approved as to form by attorneys for both sides, shall be presented to this Court within the time and manner prescribed by the rules hereof.