Rudy LEWIS, Administrator of the Estate of Alvin B. Johnson, Deceased, Plaintiff,

v.

Leon BLACKMON, Defendant,

and

Allstate Insurance Company, Garnishee Defendant.

Civ. A. No. 3:94–cv–282WS.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 16, 1994.

Paul D. Snow, Jackson, MS, for plaintiff.

Wilburn Hyche, Brandon, MS, Ross Robert Barnett, Jr., J. Tayloe Simmons, Jr., Jackson, MS, for defendants.

## ORDER

WINGATE, District Judge.

This matter is before the court pursuant to the motion of the plaintiff Rudy Lewis, administrator of the estate of Alvin B. Johnson, asking this court to abstain and remand this matter to the Circuit Court of the First Judicial District of Hinds County, Mississippi. On May 17, 1994, the defendant, Allstate Insurance Company, removed this matter from state court to this federal court pursuant to Title 28 U.S.C. §§ 1441 [1]

---

1. Title 28 U.S.C. § 1441(a) states in pertinent part that:

"[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending...." Additionally, Title 28 U.S.C. § 1441(b) states that, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removal

and 1332.[2] Upon removal, this action (writ of garnishment) was consolidated with Allstate's pending federal court action for declaratory judgment against Leon Blackmon. The plaintiff's motion to abstain and remand is resisted by Allstate.

## FACTS

On Christmas night of 1992, Leon Blackmon shot and killed Alvin Johnson in a barroom brawl. During Blackmon's trial in the Circuit Court of the First Judicial District of Hinds County, Mississippi, he pled guilty to voluntary manslaughter and received a twenty year suspended sentence. Shortly thereafter, Rudy Lewis, administrator of Johnson's estate, filed a wrongful death action in state court against Blackmon.

At the time of Johnson's death, Blackmon's wife owned a home which was insured by Allstate. Pursuant to that insurance policy, Blackmon looked to Allstate for coverage and for a defense against the wrongful death action. Under a reservation of rights, Allstate provided a defense. While the wrongful death action was pending in state court, Allstate filed a complaint against Blackmon for declaratory judgment in this court pursuant to Title 28 U.S.C. § 1332. Allstate also filed a motion for summary judgment pursuant to Federal Rules of Civil Procedure 56(a)[3] seeking a holding that it has no obligation to indemnify Blackmon for his criminal and/or intentional act.

While this summary judgment motion was pending, on May 2, 1994, the state court entered a $100.000.00 judgment in favor of Lewis, the administrator of Johnson's estate against Blackmon. The following day, Lewis filed her Suggestion for Writ of Garnishment in state court on the Allstate insurance policy in question, which provides for $100,000.00 of coverage. Thereafter, Lewis was allowed to

intervene in the declaratory judgment action in federal court that Allstate had filed against Blackmon. Allstate then removed the state court garnishment action to this court, where it has been consolidated with Allstate's complaint for declaratory judgment. Aggrieved over this removal, plaintiff asks this court to abstain from hearing the lawsuit and to remand it to the state court in which it originated. For the reasons which follow, this court chooses to retain this lawsuit and to deny plaintiff's motion to remand.

## DISCUSSION

### I.

■ Plaintiff urges this court to stay its hand in the case *sub judice* because the Mississippi Supreme Court has not interpreted the questioned exclusions found in Allstate's insurance policy as they relate to the particular facts of this case. The exclusions at issue here are as follows:

> [B]odily injury or property damage resulting from: a) a criminal act or omission.... This exclusion applies regardless of whether the insured person is actually charged with, or convicted of, a crime.

> [B]odily injury or property damage resulting from: a) an act or omission intended or expected to cause bodily injury or property damage. This exclusion applies even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that intended or expected ...

Allstate avers that the exclusions here apply and exclude coverage. Plaintiff disagrees with the applicability of this exclusion. Further, relative to her motion to abstain and remand, plaintiff argues that since she first filed the garnishment action in state court,

---

without regard to the citizenship or residence of the parties...."

2. Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ...

3. **For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

which would have had to decide the question of Allstate's liability, the matter should be decided in state court.

Plaintiff relies on *Railroad Comm. v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971, (1941); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and *United Services Life Ins. Co. v. Delaney,* 328 F.2d 483 (5th Cir.1964), *cert. denied,* 377 U.S. 935, 84 S.Ct. 1335, 12 L.Ed.2d 298 to support her contention that this court should abstain. This court finds that the abstention doctrines cited by the plaintiff do not fit the facts of this particular case.

In *Pullman,* the United States Supreme Court held that the federal district court erred when it decided a challenge to a Texas regulation which prevented the operation of sleeping cars unless there was a conductor, and not a porter, present. At that time, conductors were white and porters were black. The Supreme Court held when state law is uncertain and a state court's clarification of state law might make a federal court's constitutional ruling unnecessary, federal courts should stay their hand. 312 U.S. at 500–01, 61 S.Ct. at 645.

In *Burford,* the Sun Oil Company filed a lawsuit in federal court challenging the validity of a Texas Railroad Commission order granting Burford a permit to drill four oil wells on a plot of land in an East Texas oil field. 319 U.S. at 317, 63 S.Ct. 1098–99. Sun Oil sought to enjoin the commission's order as a denial of due process and as a violation of state law. *Id.* The *Burford* Court held that the federal district court should have dismissed the case because state law was unclear and the granting of the permit was controlled by complex state administrative procedures. 319 U.S. at 332, 63 S.Ct. at 1106.

In *United Services,* the Fifth Circuit stayed its hand under a unique set of circumstances. *United Services* involved a situation where a Fifth Circuit panel held that a pilot was not excluded from coverage where an insurance policy "limited its liability to premiums paid or the policy reserve if the death resulted from aircraft travel except as a passenger on an aircraft owned and operated by the United States Government or as a pas-senger on a scheduled passenger air service." *Id.* at 484. Applying Texas law in light of the pronouncements of Texas courts in *Warren v. Continental Casualty Co.,* 248 S.W.2d 315, (Tex.1952), the panel held that "the word 'passenger' in the limiting clause of the policy had the same meaning as 'occupant,' and did not exclude the pilot." *United Services,* 328 F.2d at 484.

While a motion for rehearing was pending in *United Services, Paul Revere Life Insurance Company v. First National Bank,* 328 F.2d 483 (5th Cir.1964), was submitted to the Fifth Circuit en banc. *Id.* In *Paul Revere,* the district court applying what it believed to be Texas law rendered a summary judgment against the insurer in a case where the insured was killed when the private plane that he was piloting crashed. *Id.* The language of the insurance policy in that case excluded coverage for "death or disability resulting from flight in aircraft except as a passenger on a civilian plane." *Id.* The district court held that at the time of his death, the pilot was a passenger on a civilian plane. *Id.*

When the Fifth Circuit reconsidered the meaning, effect and applicability of the *Warren* cases, the Court questioned whether its rationale had been correctly determined in *United Services. Id.* To avoid a conflict in its decisions, the Fifth Circuit determined that *United Services* should be heard en banc also. The Fifth Circuit noted that Texas law, at that time, left the meaning of the exclusion clauses obscure. *Id.* Consequently, the Fifth Circuit stayed its hand to allow the Texas courts to shed light on the meaning of the questioned clauses.

Plaintiff's reliance on these case authorities is misplaced. The resolution of the issues herein do not implicate the concerns of *Pullman,* *Burford,* or *United Services.* Here, there is no circumstance of uncertain state law, the clarification of which would impact upon the court's consideration of a constitutional issue. Nor is there here a complex state administrative procedure that should be addressed first by state courts. Plaintiff here merely argues that since there is no Mississippi Supreme Court decision on the proper interpretation to be given the exclusion clauses at issue that the state court

should be given the opportunity first to pass upon the matter. Under the holding of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its thrust upon this court by way of 28 U.S.C. § 1332, this court is empowered to decide state law questions that state courts have not yet resolved. Therefore, the fact that the Mississippi Supreme Court has not ruled upon facts similar to the ones at issue here does not prevent this court from addressing the matter.

## II.

Plaintiff argues that this matter should be remanded to state court because garnishment is merely ancillary or supplemental to another action and cannot be removed from state court to federal court. Suffice it to say that Fifth Circuit jurisprudence is contrary to plaintiff's position. *See Butler v. Polk,* 592 F.2d 1293 (5th Cir.1979) (holding that garnishment is a distinct "civil action"); and *Berry v. McLemore,* 795 F.2d 452 (5th Cir.1986) (following the holding in *Butler* ).

Plaintiff attempts to get around the Fifth Circuit's jurisprudence by arguing that the Fifth Circuit did not rely on any decisions from the Mississippi Supreme Court in deciding *Butler.* In *Butler,* the Fifth Circuit held that a garnishment action was properly removed from a Mississippi state court because of several factors. First, the court stated that "garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action." *Id.* at 1295; secondly, that "the pleadings of the plaintiff were couched in terms of individual liability on the part of USF & G." *Id.* at 1296; and thirdly, that "the parties seemingly agree that under Mississippi law, the writs could not initially be brought in a single action." *Id.*

The jurisprudence of the Fifth Circuit controls the question of the propriety of removing a garnishment action from Mississippi courts to federal court notwithstanding the language in *First Miss. National Bank v. KLH Industries,* 457 So.2d 1333, 1337 (Miss. 1984), that "garnishment is not a pure, independent action but instead is more in the nature of 'an ancillary or auxiliary proceeding, growing out of, and dependent on, another original or primary action or proceeding.' "

Removal is a procedural question, thus federal law governs. "[W]hile a state's characterization of its garnishment proceeding should not be controlling, it is a factor that should be considered when an independent analysis is made under federal law. As Professor Moore has observed:

> It is true that state law fashions its garnishment proceeding, and a federal court should accordingly recognize this is determining the nature of the proceeding that the state has created. But the state characterization of the proceeding as ancillary or independent should not be controlling upon the federal court for the purpose of determining whether or not the proceeding is sufficiently an independent one for purposes of removal.

*Graef v. Graef,* 633 F.Supp. 450, 453 (E.D.Pa. 1986).

For the reasons set forth above, this court finds that plaintiff's motion to abstain and remand is not well taken and is denied.

**SO ORDERED AND ADJUDGED.**