Jerline Petties BOSTON, Individually and as Personal Representative of the Wrongful Death Beneficiaries of J.C. Petties, Deceased, Plaintiff,

v.

TITAN INDEMNITY COMPANY and Coahoma County, Mississippi, Defendants.

No. 2:98CV154–B–B.

United States District Court, N.D. Mississippi, Delta Division.

Jan. 15, 1999.

Ralph E. Chapman, Chapman, Lewis & Swan, Tom T. Ross, Jr., Ross, Hunt, Spell & Ross, Clarksdale, MS, for Jerline Petties Boston, plaintiff.

Benjamin E. Griffith, Griffith & Griffith, Cleveland, MS, for Titan Indem. Co., defendant.

David A. Burns, Holcomb Dunbar, Clarksdale, Ms, Tom T. Ross, Jr., Ross, Hunt, Spell & Ross, Clarksdale, MS, for Coahoma County Road Department, Coahoma County Board of Supervisors, Coahoma County, MS, Coleman M. Allen, Jr., Jim Humber, III, Taylor Flowers, Eddie C. Smith and Katherine Young Furr, defendants.

## Memorandum Opinion

BIGGERS, Chief Judge.

This cause comes before the court on the plaintiff's motion to remand.[1] The court has duly considered the parties' memoranda and exhibits, including Titan Indemnity Company's supplemental response, and is ready to rule.

A writ of garnishment issued in a state court wrongful death action, Cause No. 14–CI–94–0017, is the subject of the notice of removal filed by Titan Indemnity Company [Titan]. The wrongful death action was brought against Coahoma County [the county] for negligent maintenance of a roadway[2] pursuant to Miss.Code Ann. § 11–7–13. The notice of removal alleges diversity of citizenship jurisdiction on the grounds that the county[3] should be realigned[4] as a party plaintiff and that diversity exists between the Mississippi wrongful death beneficiaries and defendant Titan, a corporation organized under the laws of the State of Texas and having its principal place of business in Texas. Since it is undisputed that the decedent was a Mississippi citizen, the plaintiff contends that plaintiff Boston, a Missouri citizen, should be deemed a citizen of Mississippi for diversity purposes[5] and that, unless realigned with Boston, the county defeats complete diversity. The complaint in the wrongful death action states that the action was brought by Boston as the personal representative of the wrongful death beneficiaries of the decedent. However, if Boston is in fact the decedent's personal representative,[6] then 28 U.S.C. § 1332(c)(2) applies.[7] *Webb v. Banquer,* 19 F.Supp.2d 649, 652–53 (S.D.Miss.1998). In any event, without the

---

1. Not having joined in the notice of removal, Coahoma County, Mississippi, a named defendant in this cause, has joined in the instant motion.

2. The decedent was involved in a fatal automobile accident on the subject road.

3. For purposes of diversity, a county is considered a citizen of the state in which it is located. *Moor v. Alameda County,* 411 U.S. 693, 717–22, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), *overruled on other grounds, Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), *cited in Reeves v. City of Jackson,* 532 F.2d 491, 495 n. 5 (5th Cir.1976); *Pyramid Corp. v. DeSoto County Board of Supervisors,* 366 F.Supp. 1299, 1301 (N.D.Miss.1973).

4. The county is the defendant in the underlying wrongful death action and was named as a defendant, along with Titan, in the suggestion for garnishment.

5. 28 U.S.C. § 1332(c)(2) reads in pertinent part:

the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. . . .

6. Mississippi's wrongful death statute, Miss.Code Ann. § 11–7–13, provides that a wrongful death action may be brought "in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover," or by a statutory beneficiary "for the benefit of all parties concerned." *Webb v. Banquer,* 19 F.Supp.2d 649, 652 (S.D.Miss.1998) (the personal representative, referred to in Mississippi's wrongful death statute, as distinguished from the designated beneficiaries, is synonymous with "the legal representative of the estate" referenced in § 1332(c)(2)); *cf., Tank v. Chronister,* 160 F.3d 597, 599–601 (10th Cir.1998) (in Kansas, the wrongful death claimant is required by [statute] to be an heir-at-law of the decedent and does not fall within the purview of 28 U.S.C. § 1332(c)(2)).

7. Titan does not argue that Boston's Missouri citizenship controls.

county's realignment, 28 U.S.C. § 1441(b) precludes removal of this cause.[8]

■ Realignment of the parties is an exception to the general rule that diversity of citizenship is determined at the commencement of a civil action. *Zurn Industries, Inc. v. Acton Const. Co.,* 847 F.2d 234, 236 (5th Cir.1988). Realignment depends on "the primary or original purpose for filing suit." *Id.* at 237. The plaintiff contends that the county was properly named a defendant since the wrongful death action was brought to establish liability on the part of the county. The plaintiff and the county reached an agreement providing, *inter alia,* that the county would pay the plaintiff $42,500 and assign all rights against Titan, the county's liability insurer, to the plaintiff. A judgment was entered against the county in the sum of $557,500 and, under the terms of the agreement, any judgment proceeds collected from Titan up to the amount of $42,500, plus attorney's fees and expenses, would be refunded to the county.

The notice of removal alleges that the writ of garnishment "is a civil action and constitutes a separate cause of action independent of the original and primary action that gave rise to and established the judgment debt." If the garnishment proceeding is a separate civil action, the determinative purpose of this cause is enforcement of the wrongful death judgment against Titan which, in light of the above-referenced agreement, would warrant realignment of the county as a party plaintiff. The plaintiff relies on the Mississippi Supreme Court's characterization as follows:

> Garnishment is not a pure, independent action but instead is more in the nature of "an ancillary or auxiliary proceeding, growing out of, and dependent on, another original or primary action or proceeding, . . . ."

*First Miss. Nat'l Bank v. KLH Industries, Inc.,* 457 So.2d 1333, 1337 (Miss.1984) (citation omitted).[9] However, the Fifth Circuit applies the general rule that "garnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt." *Berry v. McLemore,* 795 F.2d 452, 455 (5th Cir.1986) (footnote omitted) (citing *Butler v. Polk,* 592 F.2d 1293, 1295 (5th Cir.1979)).[10] The court in *Butler* concluded that garnishment writs "are in effect suits involving a new party litigating the existence of a new liability" and that "[r]emoval is a matter of federal right." 592 F.2d at 1296. *See Moore v. Sentry Ins. Co.,* 399 F.Supp. 929, 930, 931 (S.D.Miss.1975) ("Even if the Court were required to look to State law to determine whether a garnishment action is [a civil action[11] and, thus] removable, Mississippi garnishment proceedings meet the criteria that the suit be one in which an issue of fact might be joined and which is an adversary proceeding calling for judgment independent of the main cause.").

■ The court finds that the suggestion for garnishment, although assigned the same cause number as the underlying wrongful death action in state court, is a separate civil action within the purview of the removal statutes. *See Lewis v. Blackmon,* 864 F.Supp. 1, 4 (S.D.Miss.1994) (Fifth Circuit jurisprudence governs the procedural issue of removal of a garnishment action against the insurer of a judgment debtor).[12] Since

---

**8.** 28 U.S.C. § 1441(b) prohibits removal of a diversity action in which any properly joined and served defendant "is a citizen of the State in which such action is brought."

**9.** However, the Mississippi Supreme Court treated the garnishment proceeding as separate from the underlying action for purposes of procedure; the court held that the Mississippi garnishment statutes prescribed the procedure for the garnishment proceeding whereas the Mississippi rules of civil procedure governed the underlying action. *First Miss. Nat'l Bank v. KLH Industries, Inc.,* 457 So.2d 1333, 1338–39 (Miss.1984).

**10.** *E.g., Murray v. Murray,* 621 F.2d 103, 107 n. 10 (5th Cir.1980) (noting the removability of a garnishment summons on the basis of federal question jurisdiction); *Moore v. Sentry Ins. Co.,* 399 F.Supp. 929, 930–31 (S.D.Miss.1975) (the Fifth Circuit has exercised diversity jurisdiction over a garnishment action) (citing *Rosen v. Godson,* 422 F.2d 1082, 1083 (5th Cir.1970) ("[t]he garnishment was removed on diversity")).

**11.** 28 U.S.C. § 1441(a) authorizes removal of a "civil action."

**12.** The plaintiff's reliance on the state's characterization of its garnishment proceeding was ex-

garnishment of insurance proceeds would be in the county's interest, the court further finds that the county should be realigned as a party plaintiff for purposes of determining diversity of citizenship.[13] *See Moore v. Sentry Ins. Co.*, 399 F.Supp. at 931 (" 'Even if [the nondiverse insured] were to be considered a party to the present [garnishment] proceeding, he should be aligned for jurisdictional purposes with the plaintiff, as it would be to [the insured's] interest to have the judgment against him satisfied by his insurer.' ") (quoting *Randolph v. Employers Mut. Liability Ins. Co.*, 260 F.2d 461, 464 (8th Cir.1958), *cert. denied*, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573 (1959)).

■ Boston contends that the one-year limitations period under 28 U.S.C. § 1446(b)[14] precludes removal of this cause on the grounds that the notice of removal was filed more than one year after the commencement of the wrongful death action in state court.[15] The garnishment action, as a separate and

independent action, was commenced upon the filing of the suggestion for garnishment[16] and thus was timely removed within the applicable thirty-day limitations period under 28 U.S.C. § 1446(b). *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 887 (5th Cir. 1998) (first paragraph of § 1446(b) applies to actions initially removable).

Boston contends, in the alternative, that the garnishment action falls within the purview of a direct action against an insurer under 28 U.S.C. § 1332(c)(1).[17] The Fifth Circuit[18] has stated that the direct action provision was intended to eliminate diversity jurisdiction over actions brought directly against a foreign liability insurer for injuries or damage caused by a nondiverse insured. *Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207, 1209 (5th Cir.1972).[19] *See Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir.) ("The 1964 amendment was a response to 'direct action' statutes adopted in Louisiana and Wisconsin, allowing direct actions

pressly rejected in *Lewis v. Blackmon*, 864 F.Supp. 1, 4 (S.D.Miss.1994). The court in *Lewis* held that a suggestion for writ of garnishment against an insurer to collect a wrongful death judgment constitutes a separate civil action and is therefore removable under 28 U.S.C. § 1441(a).

13. This finding renders Titan's untimely fraudulent joinder and nominal party arguments, raised for the first time in opposition to the instant motion, moot. In any event, the county is a real party in interest in this garnishment proceeding since the county seeks reimbursement of the $42,500 paid to Boston, plus attorney's fees and expenses, in the event Boston recovers insurance proceeds from Titan. In addition, the county's realignment as a plaintiff renders the unanimity issue moot.

14. 28 U.S.C. § 1446(b) reads in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading...from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**

(Emphasis added).

15. The wrongful death action was filed on April 20, 1994 and the notice of removal was filed more than four years later on August 27, 1998.

16. The suggestion for garnishment was filed on July 29, 1998.

17. 28 U.S.C. § 1332(c)(1) provides in pertinent part:

> For the purposes of this section and section 1441 of this title—
>
> ...in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business....

18. The court has found no decision directly on point in this circuit. The applicability of the direct action provision under 28 U.S.C. § 1332(c)(1) was not raised in *Lewis v. Blackmon*, 864 F.Supp. 1 (S.D.Miss.1994). *See supra* note 12.

19. The Fifth Circuit noted that the direct action provision was intended to eliminate diversity jurisdiction over actions

> in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tortfeasor as a defendant.

*Williams v. Liberty Mut. Ins. Co.*, 468 F.2d 1207, 1209 (5th Cir.1972) (quoting 2 U.S.Code Cong. & Admin. News, 88th Cong.2d Sess., at 2778–79).

against liability insurers by persons injured in motor vehicle accidents."), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974). The court in *Hernandez* held that an injured employee's action against his employer's workmen's compensation carrier constitutes a direct action under section 1332(c)(1). *Id.* at 724 (Texas workmen's compensation statute requires a direct action against the workmen's compensation carrier [20] and thus "goes further than a 'direct action' statute, which simply permits a suit against the insurer, without joining the insured") (emphasis added). The court concluded:

> Whatever may have been the specific evil prompting congressional action in 1964, Congress chose to remove *all* direct actions from the diversity jurisdiction.

*Id.* at 723–24 ("when the language of a congressional act is plain and specific, courts have no more license to shorten the reach of the act than to lengthen it") (emphasis in original).

■■■■ Resolving any doubt in favor of remand,[21] the court finds that the Mississippi garnishment statute providing for the issuance of a writ of garnishment on a suggestion for garnishment filed by a judgment creditor, Miss.Code Ann. § 11–35–1,[22] is the equivalent of a direct action statute "which simply permits a suit against the insurer, without joining the insured." *See Moore v. Sentry Ins. Co.,* 399 F.Supp. at 931 ("The Mississippi garnishment statutes, particularly Miss.Code Ann. § 11–35–47 (1972),[23] clearly are permissive in nature and do not make the resident insured an indispensable party."). The court finds the analysis of a similar state statutory scheme persuasive. *Prendergast v. Alliance General Ins. Co.,* 921 F.Supp. 653 (E.D.Mo. 1996). The court in *Prendergast* construed the Missouri garnishment statute [24] as a direct action statute even though its clear language "seems to require" joinder of the insured judgment debtor. *Id.* at 655. The court concluded:

> Missouri's equitable garnishment statute essentially does in two steps what the Louisiana statute that lead to the change in § 1332(c)(1) did in one step, and provides to the suing plaintiff the same remedy that a direct action against the insurance com-

---

**20.** "[T]he injured employee is *not* allowed to sue his *employer* directly, but is instead relegated to an action against the insurer." *Hernandez v. Travelers Ins. Co.,* 489 F.2d 721, 724 (5th Cir.), *cert. denied,* 419 U.S. 844, 95 S.Ct. 78, 42 L.Ed.2d 73 (1974) (emphasis in original).

**21.** It is well-settled that removal statutes must be strictly construed, resolving all doubts regarding removability in favor of remand to state court. *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir.1995) ("to the extent we might harbor some doubt about the equities in this case, we are required to resolve those doubts in favor of nonremoval"); *York v. Horizon Federal Sav. & Loan Ass'n,* 712 F.Supp. 85, 87 (E.D.La.1989) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). *See Powers v. South Central United Food & Commercial Workers Unions,* 719 F.2d 760, 762 (5th Cir.1983) ("In construing the removal statutes, the Supreme Court has mandated a 'strict construction' approach, in recognition of the congressional intent to restrict the jurisdiction of federal courts on removal.") (citations omitted). "Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996) (citations omitted).

**22.** Miss.Code Ann. § 11–35–1 reads in part:

On the suggestion in writing by the plaintiff in a judgment or decree in any court upon which an execution may be issued, that any person...is indebted to the defendant therein, or has effects or property of the defendant in his, her or its possession, or knows of property of the defendant in his, her or its possession, it shall be the duty of the clerk of such court to issue a writ of garnishment...to summon such person...as garnishee....

**23.** Miss.Code Ann. § 11–35–47 provides in part:

The defendant may contest, in writing, the answer of the garnishee, and may allege that the garnishee is indebted to him in a larger sum than he has admitted, or that he holds property of his not admitted by the answer...but the plaintiff may take judgment for the sum admitted by the garnishee, or for the condemnation of the property admitted to be in his hands, notwithstanding the contest.

**24.** The Missouri garnishment statute provides:

...if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.

§ 379.200, R.S.Mo., *quoted in Prendergast v. Alliance General Ins. Co.,* 921 F.Supp. 653, 654–55 (E.D.Mo.1996).

pany would have provided, were that allowed under Missouri law.

*Id.*[25] Similarly,

> Mississippi law allows a creditor to proceed against another said to be indebted to the creditor's debtor only after the creditor has obtained a judgment against such debtor. Miss.Code Ann. § 11–35–1 (1972).

*First Miss. Nat'l Bank v. KLH Industries, Inc.,* 457 So.2d at 1337.[26] As in *Prendergast,*

> [t]he defendant insurance company in this case is not being sued for any action it took against the [ plaintiff], but is simply being sued in an attempt to collect a judgment that has already been entered against its insured, a [Mississippi] citizen.

921 F.Supp. at 655. Accordingly, the court finds that the instant garnishment action is a direct action within the purview of section 1332(c)(1).[27] Therefore, Titan is deemed a citizen of Mississippi for purposes of this action, thereby precluding removal on the grounds of lack of diversity and 28 U.S.C. § 1441(b).[28]

For the foregoing reasons, the court finds that the motion to remand should be granted. An order will issue accordingly.

---

**25.** "Congress amended [section 1332(c)(1)] after Louisiana passed a 'direct action' statute, which had the effect of 'creat[ing] diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another state.'" *Prendergast v. Alliance General Ins. Co.,* 921 F.Supp. at 655 (quoting *Northbrook National Ins. Co. v. Brewer,* 493 U.S. 6, 10, 110 S.Ct. 297, 107 L.Ed.2d 223, 230 (1989)). The court in *Prendergast* explained that "Congress amended [section 1332(c)(1)] because such a result was not within the 'spirit or intent' of diversity jurisdiction." *Id.* at 655.

**26.** *See* supra note 22.

**27.** Titan contends that this garnishment is not a direct action on the ground that the county was joined as a defendant. Titan cannot have it both ways. Titan argues that the county should be realigned as a party plaintiff for purposes of 28 U.S.C. § 1332(a)(1) but that the county should be considered a defendant for purposes of § 1332(c)(1).

**28.** *See* supra note 8.