**Anieta MATTHEWS,**

v.

**Edmond STEWART, et al.**

**No. Civ.A. 01–94–A.**

United States District Court,
M.D. Louisiana.

July 6, 2001.

Benn Hamilton, Matthews, Hamilton & Matthews, Baton Rouge, LA, for plaintiffs.

Jennifer Lynn Anderson, Cornelius R. Heusel, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for defendants.

### RULING ON MOTION TO REMAND

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by plaintiff, Anieta Matthews, to remand (Doc. 6). Defendants, Edmond Stewart and Ruby Tuesday, Inc., oppose the motion. There is no need for oral

argument. Removal jurisdiction is allegedly based upon a federal question, 28 U.S.C. § 1331.

## Background

Matthews filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on December 21, 2000. Plaintiff alleges that, on August 15, 2000, while performing her duties as cook for a restaurant owned by defendant Ruby Tuesday, Inc., and managed by defendant, Edmond Stewart, she was harmed and injured when she was forced to submit to a strip search, including anal and vaginal cavities of her body. Plaintiff alleges that Edmond Stewart conducted this strip search as he sought to recover money or other property believed to be stolen from Ruby Tuesday, Inc. Plaintiff alleges that:

"... the actions of Stewart, individually and as imputed to Ruby Tuesday's, violate the provisions of United States Civil rights [sic] Act of 1991; Revised Statutes 23:1006; and 23:331; Amendment Fourteen of the United States Constitution; Article I, Sections 1, 3, 5, 22 and 24 of the Constitution of Louisiana; and Article 2315 of the Louisiana Civil Code."[1]

On January 26, 2001, defendants filed a notice of removal on the grounds that this court has original federal question jurisdiction over plaintiff's claims pursuant to federal law, specifically 42 U.S.C. § 1981, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Defendants filed an answer to the Petition for Damages on February 5, 2001.

Plaintiff filed the instant motion to remand on May 2, 2001, on the grounds that this court lacks subject matter jurisdiction.

## Law and Discussion

When plaintiff challenges the propriety of defendant's removal, defendant carries the burden of showing the necessary facts to support the court's exercise of removal jurisdiction.[2] Any doubts about the propriety of removal are construed in favor of remand.[3] The removal statute should be strictly construed against removal and all doubt should be resolved in favor of remand.[4]

To support removal, the action must be one that could have been filed in federal court originally.[5] Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[6] Whether federal question jurisdiction exists is determined by reference to the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7] Under the well-pleaded complaint rule, the plaintiff is the master of his complaint.[8]

A case "arises under" federal law when a "right or immunity created by the Con-

---

1. Petition for Damages, Paragraph 14.

2. See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

3. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979).

4. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

5. 28 U.S.C. § 1441.

6. 28 U.S.C. § 1331.

7. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

8. *Id.*

stitution or laws of the United States [is] an element, and an essential one, of plaintiff's cause of action."[9] If, however, the state law creates the cause of action, the court must determine whether plaintiff's demand "necessarily depends on resolution of a substantial question of federal law."[10]

Plaintiff argues that federal law does not create the cause of action which she has alleged, but rather she has alleged a state law tort action which in no way depends on the resolution of any federal laws. Plaintiff argues that her state law claims for invasion of privacy, defamation, humiliation and intentional and negligent infliction of emotional distress are not superseded by her mere allegations involving the Civil Rights Act of 1991 and the 14th Amendment to the United States Constitution.

In opposition, defendants argue that plaintiff's motion to remand is belied by plaintiff's specific allegations and arguments that defendants violated the "United States Civil Rights Act of 1991" and "Amendment 14 of the United States Constitution", clearly federal laws, and her specific request for punitive damages, which are not available under Louisiana law, but which are permitted under 42 U.S.C. § 1981. Defendants argue that plaintiff's petition is sufficient alone to defeat remand. Defendants further argue that plaintiff's post-removal attempt to disregard her federal law claims is forum manipulation which cannot be permitted. Finally, defendants argue that plaintiff's companion state law tort claims are based on the same nucleus of operative fact such that the court should exercise supplemental jurisdiction in the interest of judicial efficiency and economy.

The court notes that, in the state court petition, plaintiff alleges violations of two state laws which have been repealed, La. R.S. 23:331 [11] and 23:1006.[12] These statutes were contained in portions of Title 23 relating to discrimination in employment. Plaintiff further alleges a violation of the "United States Civil rights [sic] Act" and "Amendment · Fourteen of · the United States Constitution." However, the well-pleaded complaint rule [13] requires this court to ascertain federal question jurisdiction from the allegations contained within the four corners of the petition. Plaintiff has not alleged any wrongs actionable under any federal civil rights law, but merely an action arising under state tort law. Nor has plaintiff alleged any facts supporting any other federal cause of action. Plaintiff has merely made references to two federal laws, without any factual basis or explanation. The court is not bound by the stray labels placed on plaintiff's claims. The existence of federal question jurisdiction cannot be based on facts not alleged in the complaint.[14]

Although the Congress has, in recent years, shown a penchant for converting federal district courts into the equivalent of state courts of general jurisdiction—handling all claims made by all claimants against anyone—it has not yet completely done so. At present, a federal district court is still a court of limited jurisdiction.

The court cannot assume subject matter jurisdiction over this action merely be-

---

9. *Franchise Tax Bd. v. Const. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

10. *Id.*

11. Repealed by Acts 1999, No. 1366, § 2.

12. Repealed by Acts 1997, No. 1409, § 4, eff. Aug. 1, 1997.

13. *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

14. *Caterpillar, Inc.,* 107 S.Ct. at 2432.

cause plaintiff has casually mentioned two federal laws. Since the petition in this matter raises no issue of federal law, federal question jurisdiction is lacking.[15] In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction, and this court declines to exercise jurisdiction in this case. The court finds that defendant has not met its burden of showing the necessary facts to support the court's exercise of removal jurisdiction.

For the foregoing reasons, the motion by plaintiff, Anieta Matthews, to remand (Doc. 6) is hereby **GRANTED,** and this matter will be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

---

15. *Hart v. Bayer Corp.,* 199 F.3d 239 (5th Cir.2000).