**Donald E. GLOVER, Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.**

No. 92–2408.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1993.

Decided Jan. 27, 1993.

Douglas B. Salsbury, St. Louis, MO, for plaintiff-appellant.

John G. Doyen and Lucy T. Herbers, Clayton, MO, for defendant-appellee.

Before LOKEN and HANSEN, Circuit Judges, and MURPHY,* District Judge.

* The Honorable DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation.

PER CURIAM.

In this diversity action, plaintiff Donald E. Glover appeals the district court's [1] dismissal of his declaratory judgment action against State Farm Fire and Casualty Insurance Company. Glover is seeking to collect a personal injury judgment against State Farm's insured. The district court held that Glover must instead proceed by a suit in equity in state court under Mo.Rev. Stat. § 379.200. We affirm.

Glover sued State Farm's insured, Missouri resident Jerome Goldenberg, in state court for personal injuries sustained in a stabbing incident. After State Farm denied coverage, Glover and Goldenberg entered into a settlement agreement which provided that Glover would not levy execution, by garnishment or otherwise, "except as against any insurer which insures the legal liability of Goldenberg." [2] The state court entered judgment in the amount of $1,100,000 in favor of Glover pursuant to that agreement.

Glover then demanded that State Farm pay his judgment against Goldenberg. When State Farm refused, denying coverage, Glover brought this diversity action in federal court, seeking a declaratory judgment that State Farm had breached its contractual obligations under the policy. The district court dismissed, concluding that Glover's exclusive state law remedy is an action "in equity" under Mo.Rev.Stat. § 379.200, that the statute requires joinder of Goldenberg as an additional party defendant, and that joinder of Goldenberg in this federal action would destroy diversity jurisdiction.

■ Section 379.200 provides that a personal injury plaintiff who recovers a final judgment against a defendant for an insured loss is entitled to have the insurance proceeds applied to the satisfaction of the judgment,

> and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may pro-

ceed in equity *against the defendant and the insurance company* to reach and apply the insurance money to the satisfaction of the judgment.

(Emphasis added.) This statutory cause of action, though often called an equitable garnishment, "is no garnishment at all, but is a suit in equity against the insurance company to seek satisfaction of one's judgment under an insurance policy." *Zink v. Employers Mut. Liab. Ins. Co.*, 724 S.W.2d 561, 564 (Mo.App.1987). The rights of the injured party/judgment creditor are derivative, so the insurer may interpose defenses it would have against its insured. *See McNeal v. Manchester Ins. & Indem. Co.*, 540 S.W.2d 113, 119 (Mo.App.1976). The statutory remedy is exclusive under Missouri law—injured parties are not third party beneficiaries under the insurance contract and therefore may not sue the insurer directly for breach of that contract; they are "relegated to garnishment process against the insurer when and if they obtain judgment against [the insured]." *State Farm Mut. Aut. Ins. Co. v. Allen*, 744 S.W.2d 782, 785–86 (Mo. banc 1988).

■ On appeal, Glover argues that the district court erred in dismissing his declaratory judgment claim because there is an actual controversy between Glover and State Farm over whether the policy issued to Goldenberg provides coverage for Glover's judgment. There is no doubt a controversy, but under governing Missouri law, Glover's only path to relief against State Farm lies in an action under § 379.-200. Since Glover pleaded only a declaratory contract claim, for which he has no standing under *Allen*, and did not plead a cause of action under § 379.200, the district court correctly concluded that his complaint failed to state a claim upon which declaratory relief could be granted.

The district court did not afford Glover an opportunity to amend his complaint to assert a claim under § 379.200. Rather, the court held that Glover could not bring

---

1. The Honorable WILLIAM L. HUNGATE, Senior United States District Judge for the Eastern District of Missouri.

2. Such agreements are expressly authorized by Mo.Rev.Stat. § 537.065.

such an action in federal court because the statute requires that suit be brought "against the defendant and the insurance company" and joinder of Goldenberg in this case would destroy diversity jurisdiction. As Glover notes, there is some doubt whether Missouri courts require joinder of the judgment debtor in a § 379.200 action, despite the seemingly clear statutory language to that effect. In *Mazdra v. Selective Ins. Co.*, 398 S.W.2d 841 (Mo.1966), the judgment creditor recovered a judgment against the insurance company under § 379.200, and the insurer argued on appeal that the statute required joinder of the judgment debtor as an additional defendant. Noting that the insurer had failed to suggest how the judgment debtor's rights could be affected in the action, the court held that the insurer could not raise this issue for the first time on appeal. Here, Glover argues, because the settlement agreement limits him to collecting his judgment from State Farm, the addition of Goldenberg "would serve no useful purpose whatsoever" and Goldenberg is not an indispensable party under *Mazdra.*

We have considerable doubt whether *Mazdra* stands for the general proposition that the Missouri courts will ignore the plain statutory command that the judgment debtor be joined in an action under § 379.-200. Because the insurer is entitled under *McNeal* to assert any defenses it has against the insured, the Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability. *Mazdra* was limited to the question whether the insurer had waived this issue by failing to raise it in the trial court, and we decline Glover's invitation to predict that the Supreme Court of Missouri would interpret *Mazdra* more broadly.

Relief under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act, is discretionary, and an important factor in exercising that discretion is whether the declaratory judgment plaintiff has another, more appropriate remedy. *See City of Highland Park v. Train*, 519 F.2d 681, 693 (7th Cir. 1975), *cert. denied*, 424 U.S. 927, 96 S.Ct.

1141, 47 L.Ed.2d 337 (1976); *Aluminum Housewares Co. v. Chip–Clip Corp.*, 609 F.Supp. 358, 363 (E.D.Mo.1984). Here, Glover has an available remedy under § 379.-200, he failed to assert that remedy as a basis for declaratory relief, and there is considerable doubt whether he is entitled to relief under that statute absent joinder of a party who would destroy Federal diversity jurisdiction. In these circumstances, we conclude that the district court was well within its discretion in denying Glover declaratory judgment relief and in dismissing his complaint.

The judgment of the district court is affirmed.