921 F.Supp. 653 (1996)
Mark PRENDERGAST, et al., Plaintiffs,
v.
ALLIANCE GENERAL INSURANCE COMPANY, Defendant.
No. 4:96CV344 CDP.
United States District Court, E.D. Missouri.
April 11, 1996.
*654 James C. Leritz, Leritz and Plunkert, St. Louis, MO, for Mark Prendergast, Elizabeth R. Prendergast.
Thomas L. Orris, Theodore J. Williams, Jr., Armstrong and Teasdale, St. Louis, MO, Craig A. Wilson, Sr., Dankenbring and Greiman, St. Louis, MO, for Alliance General Insurance Company.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the undersigned on the plaintiffs' motion to remand this action to state court. Plaintiffs filed this cause of action in the Circuit Court for the City of St. Louis, State of Missouri, pursuant to § 379.200 R.S.Mo., the Missouri "equitable garnishment" statute. In the suit plaintiffs seek to collect a judgment they obtained in state court against defendant's insureds, who are Missouri citizens.
Defendant's removal petition alleges that the plaintiffs are citizens of the state of Texas, and that it is an Illinois corporation with its principal place of business in Illinois, and that therefore diversity jurisdiction is proper under 28 U.S.C. 1332(a), as an action between citizens of different states. Plaintiffs' motion to remand asserts that this is a direct action against an insurance company and that therefore the defendant insurance company must be deemed a citizen of the state of Missouri, pursuant to 28 U.S.C. § 1332(c)(1), since that is the citizenship of its insureds. Plaintiffs assert, therefore, that this action is nonremovable under 28 U.S.C. § 1441(b) because defendant is deemed a Missouri citizen.
The Court agrees with plaintiffs that an action under § 379.200, R.S.Mo., is a direct action as that term is used in § 1332(c)(1), and that therefore defendant is deemed a citizen of Missouri and may not remove the action. The plaintiffs' motion to remand will therefore be granted.
Section 379.200, R.S.Mo., provides a method for collection of insurance proceeds by a plaintiff who has obtained a final judgment against an insured defendant for covered actions. The statute provides:
... if the judgment is not satisfied within thirty days after the date when it is rendered, *655 the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment.
Plaintiffs' petition alleges that they obtained a judgment against two entities who were insured by defendant, and that the judgment was for losses covered by defendant's insurance policy. Plaintiffs did not join the judgment debtors as defendants in this suit, although the clear language of the statute seems to require that they do so. If those Missouri defendants had been named as defendants, of course, the case would not have been removable under 28 U.S.C. § 1441(b).
In Glover v. State Farm Fire & Casualty Co., 984 F.2d 259 (8th Cir.1993), the Eighth Circuit affirmed a district court's dismissal of a declaratory judgment action brought by a judgment creditor against an insurance company, holding that the remedy provided by the "equitable garnishment" statute was the plaintiff's sole remedy under Missouri law. The trial court dismissed the case rather than allowing amendment because it found that the Missouri statute required joinder of the individual insured as a defendant and such joinder would destroy diversity jurisdiction. While the Eighth Circuit did not explicitly hold that joinder of the non-diverse defendant was required, it indicated that such joinder was probably required and that dismissal of the declaratory judgment action was not an abuse of discretion.
Here, as in Glover, the plaintiffs have not joined the insured judgment debtor as a defendant, although the undersigned believes, as did the trial court in Glover, that the plain language of the Missouri statute requires such joinder. Although such joinder would not destroy complete diversity, as it would have in Glover, it would preclude removal jurisdiction. Even if such joinder is not required, however, the case is nonremovable.
Under § 1332(c)(1) corporations generally have dual citizenship, that of their state of incorporation and that of their principal place of business, but when insurance companies are sued in a "direct action" where the insured is not joined as a defendant, insurance companies may have triple citizenship, because the statute provides, in such a case, that "such insurer shall be deemed a citizen of the State of which the insured is a citizen," in addition to any other citizenship. This provision only applies where the insurer is a defendant, not a plaintiff. See Northbrook National Insurance Company v. Brewer, 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). As the Court in Northbrook noted, Congress amended this statute after Louisiana passed a "direct action" statute, which had the effect of "creat[ing] diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another state." 493 U.S. at 10, 110 S.Ct. at 299. Congress amended the statute because such a result was not within the "spirit or intent" of diversity jurisdiction.
From a policy point of view, this case presents a very similar situation. The defendant insurance company in this case is not being sued for any action it took against the plaintiffs, but is simply being sued in an attempt to collect a judgment that has already been entered against its insured, a Missouri citizen. The cases relied on by defendant in support of removal all deal with claims against insurance companies for their own actions, such as vexatious refusal to pay, and not to mere attempts to collect directly for covered losses caused by the insureds. Missouri's equitable garnishment statute essentially does in two steps what the Louisiana statute that lead to the change in § 1332(c)(1) did in one step, and provides to the suing plaintiff the same remedy that a direct action against the insurance company would have provided, were that allowed under Missouri law. Therefore the Court holds that the insurance company is deemed a citizen of the state of Missouri for purposes of this suit. Because a citizen of Missouri is a defendant in this suit, the case is not removable. 28 U.S.C. § 1441(b).
Accordingly,
IT IS HEREBY ORDERED that plaintiffs' motion to remand [# 8] is granted.
*656 IT IS FURTHER ORDERED that the Clerk of the Court shall remand this case to the Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.