George Dale SHERMAN, et al.,

v.

## PENNSYLVANIA LUMBERMEN'S MUTUAL INSURANCE COMPANY.

### No. CIV. L–98–428.

United States District Court,
D. Maryland.

Oct. 10, 1998.

David Moore Thomas, Ellicott City, MD, G. Macy Nelson, Towson, MD, for Plaintiffs.

E. Charles Dann, Jr., Anthony F. Vittoria, Baltimore, MD, for Defendant.

---

## MEMORANDUM

LEGG, District Judge.

Before this Court is the plaintiffs' Motion for Remand. Because complete diversity does not exist between the parties, the Court shall REMAND this case to the Circuit Court of Maryland for Dorchester County by separate order. The plaintiffs in this case first obtained judgments in state court against a dissolved corporate entity, Eastern Maryland Wood Treating Co., Inc. ("Eastern"). Because of Eastern's bankruptcy, the plaintiffs now seek to recover their judgments in a separate action against the corporation's insurer, defendant Pennsylvania Lumbermen's Mutual Insurance Company ("Lumbermen's Mutual"), pursuant to Annotated Code of Maryland, Insurance § 19–102 (Michie 1997).[1]

Claiming it was only a citizen of Pennsylvania, Lumbermen's Mutual removed the case to this Court under the diversity statute, 28 U.S.C. § 1332 (1998). A statute, however, provides that in a "direct action" against an insurance company, the insurer is a citizen of three states: (i) the state of its incorporation; (ii) the state of its principal place of business; and (iii) the state of citizenship of the insured. *See* 28 U.S.C. § 1332(c)(1). In light of this statute, the Court asked the parties to file supplemental pleadings on two issues: (i) Eastern's corporate citizenship; and (ii) whether this case constitutes a "direct action" as described in 28 U.S.C. § 1332(c)(1).[2]

The parties have now submitted these supplemental briefs. It is undisputed that Eastern was incorporated in Maryland and, therefore, is a citizen of Maryland. Thus, under the statute, Lumbermen's Mutual would be a citizen of Maryland, which could defeat diversity. Lumbermen's Mutual contends, however, that this action does not qualify as a "direct action" under 28 U.S.C. § 1332(c)(1). For the reasons stated below, the Court disagrees.

The defendant argues that Congress used the term "direct action" to refer to a Louisiana type statute, which authorizes a plaintiff to bring suit directly against his adversary's insurance company. The original Louisiana statute "was designed to eliminate the necessity of two lawsuits; the first in which the victim sued the insured, and the second in which—if the victim prevailed on the merits—the insured would seek indemnity from his insurer." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir.1992) (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir.1988)). In contrast, the Maryland statute requires the plaintiff to obtain a judgment against the insured before suing the insurer. While the Maryland statute is not identical to the Louisiana statute, the difference is merely one of operation. Such a difference is insufficient to remove this case from the class of "direct action" cases that the plain language of the diversity statute encompasses.

Several courts have made statements in dicta that "direct actions" for purposes of

---

**1.** Maryland's insurance law, § 19–102(b), provides in relevant part that "[e]ach liability insurance policy issued in the State shall provide that ... if an injured person or another person claiming by, through, or under the injured person is unable, after execution on a final judgment entered in an action against an insured, to recover the full amount of the final judgment, the person may bring an action against the insured's insurer in accordance with the terms of the policy for the lesser of the amount of the judgment recovered in the action against the insured or the amount of the policy." Md.Code Ann., Insurance § 19–102(b)(2). Alternatively, plaintiffs seek relief under a state declaratory judgment statute which would provide a determination in keeping with § 19–102(b). Because the declaratory judgment would simply refer back to the same statute, the Court treats these actions as the same for these purposes.

**2.** That statute provides in pertinent part:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principle place of business.

*See* 28 U.S.C. § 1332(c)(1).

§ 1332(c)(1) are "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured *or first obtaining a judgment against him.*" *See e.g., Rosa,* 981 F.2d at 675 (quoting *Beckham v. Safeco Ins. Co.,* 691 F.2d 898, 901–02 (9th Cir.1982)) (emphasis added). None of these courts, however, decided the applicability of § 1332(c)(1) when injured parties had obtained judgments against the insured before bringing the action against the insurer.[3] The Supreme Court refused to pass on this very issue as recently as 1989. *See Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 9 n. 1, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989) (declining to address argument that a "direct action" is a suit in which "the injured party neither joins *nor first obtains a judgment against the legally responsible party* ") (emphasis added).

In fact, this Court is aware of only one case addressing this precise question. The plaintiffs, Missouri residents, sought to collect a judgment they had obtained in Missouri state court against the defendant's insureds, who were also Missouri citizens. *See Prendergast v. Alliance General Insurance Co.,* 921 F.Supp. 653 (E.D.Mo.1996). The district court found that the Missouri statute, authorizing a cause of action against an insurance company in satisfaction of a previous judgment against its insured, did qualify as a "direct action." It reasoned that the Missouri statute "essentially does in two steps what the Louisiana statute that [led] to the change in § 1332(c)(1) did in one step." *Id.* at 655.

Such a result is in keeping with both the plain language of the amended § 1332(c)(1) and the Congressional policy behind that provision. Congress amended the diversity statute in 1964 in reaction to the Supreme Court's decision in *Lumbermen's Mutual Casualty Co. v. Elbert,* 348 U.S. 48, 75 S.Ct.

151, 99 L.Ed. 59 (1954), in which the Court held that an individual could bring suit against an insurer in federal court on diversity jurisdiction under Louisiana's direct action statute. *See* 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure ("Wright & Miller") § 3629 (2d ed.1984). The amendment reflected, however, the "express congressional policy of preventing suit against an insurer in a federal court when both the injured party and the insured were citizens of the same state." *Id.* The Senate Report accompanying the amendment reinforces this intent:

> The purpose of the proposed legislation is to amend section 1332(c) of title 28, United States Code, so as to *eliminate* under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier *without joining the local tortfeasor as a defendant.*

S.Rep. No. 1308, 88th Cong., 2d Sess. 1 (1964), *reprinted in* 1964 U.S.C.C.A.N. 2778, 2778–79 (emphasis added). Thus, the plain language and legislative history of 28 U.S.C. § 1332(c)(1) suggest that Congress intended it to apply regardless of whether the plaintiff has first obtained a judgment against the tortfeasor.

Therefore, although the Maryland statute required the plaintiffs to seek judgment against the insured before filing this action, this case constitutes a "direct action." As such, the Court attributes the Maryland citizenship of Eastern to Lumbermen's Mutual. Because the parties lack complete diversity, the Court shall, by separate Order, REMAND this case to the Circuit Court of Maryland for Dorchester County.

---

**3.** Even *Henderson v. Selective Insurance Co.,* 369 F.2d 143, 149 (6th Cir.1966), a case in which the plaintiffs were judgment creditors of the insured and in which the court found this provision of § 1332(c)(1) inapplicable, did not find that obtaining a judgment against the insured prior to bringing an action against the insurer made § 1332(c)(1) inapplicable. Rather, that court held that: (i) the provision was inapplicable to that case; and (ii) the provision did not apply to the case arising in Kentucky but "was enacted to take care of a situation arising in the States of Wisconsin and Louisiana, as a result of the enactment of 'direct action' statutes in those states . . . ." *Henderson,* 369 F.2d at 149.