CERIDIAN CORPORATION, a Delaware corporation, as successor and assignee of Control Data Corporation, Judgment Creditor,

v.

SCSC CORP., a Minnesota corporation formerly known as Schloff Chemical and Supply Co., and Irvin and Ruth Schloff, Judgment Debtors,

and

Allied Mutual Insurance Company, as successor in interest to AID Insurance Company, an Iowa Corporation, and Tower Insurance Company, a Wisconsin Corporation, Judgment Garnishees.

No. Civ. 3–91–716RHK/JMM.

United States District Court,
D. Minnesota.

March 5, 1999.

See also, 53 F.3d 930.

interest.

Edwin Holmes, Apple Valley, MN, for Plaintiff.

Dale Thornsjo, Johnson & Condon, Minneapolis, MN, for Garnishee Defendant Allies Mut. Ins. Co.

Sean Hade, Jardine, Logan & O'Brien, St. Paul, MN, for garnishee Defendant Tower Ins. Co.

## ORDER

KYLE, District Judge.

Before the Court are Objections to the February 9, 1999 Report and Recommendation (R & R) of Magistrate Judge John M. Mason. In the R & R, Judge Mason recommended that:

1. Ceridian's Motion to Compel Disclosure from Judgment Garnishees (Doc. No. 134) be denied;

2. Tower Insurance Company's Motion to Discharge Garnishment (Doc. No. 141) be denied without prejudice; and

3. Ceridian's "Contingent Motion for Relief from Discharge of Judgment Garnishees" (Doc. No. 148) be denied.

Although there is a disagreement between the parties as to whether the R & R addressed dispositive or nondispositive matters, it is unnecessary to resolve that issue. The undersigned, out of an abundance of caution, has reviewed the R & R *de novo*. The R & R is thorough, addresses the legal and factual issues, and proceeds to reject the position now advanced by Ceridian. This Court is satisfied that Judge Mason correctly resolved the issues before him.

Upon all the files, records, and proceedings herein, including the *de novo* review of the R & R and the Objections thereto, **IT IS ORDERED:**

1. The Objections (Doc. No. 165) are **OVERRULED;**

2. The R & R (Doc. No. 164) is **ADOPTED;**

3. Ceridian's Motion to Compel Disclosure from Judgment Garnishees (Doc. No. 134) is **DENIED;**

4. Tower Insurance Company's Motion to Discharge Garnishment (Doc. No. 141) is **DENIED WITHOUT PREJUDICE;** and

5. Ceridian's "Contingent Motion for Relief from Discharge of Judgment Garnishees" (Doc. No. 148) is **DENIED.**

## REPORT AND RECOMMENDATION

MASON, United States Magistrate Judge.

The above matter came on for hearing before the undersigned on October 21, 1998 upon the following Motions: Ceridian's Motion to Compel Disclosure from Judgment Garnishees [Docket No. 134] and Garnishee Tower Insurance Company's Motion to Discharge Garnishment [Docket No. 141]. Edwin Holmes, Esq. appeared on behalf of Plaintiff; Dale Thornsjo, Esq. appeared on behalf of Garnishee Defendant Allied Mutual Insurance Co; Sean Hade, Esq. appeared on behalf of Garnishee Defendant Tower Insurance Co. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to District Judge Richard H. Kyle pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Ceridian's Motion to Compel Disclosure from Judgment Garnishees [Docket No. 134] be denied, and that Tower Insurance Company's Motion to Discharge Garnishment [Docket No. 141] be denied without prejudice.

We also note that Ceridian has served and filed a "Contingent Motion for Relief From Discharge of Judgment Garnishees" [Docket No. 148]. This Motion was submitted for decision "in the event the Court concludes that Allied and Tower have been discharged by default under the Minnesota Garnishment statute." This Motion thus cannot be before the Court for decision until it has ruled on the "contingent" issue. The Notice of this Motion provided no date for a hearing, and the Motion was served on October 13, 1998, too late to be heard in connection with the October 21, 1998 hearing on the Motion to Compel. We do not address the merits of this motion. It is recommend that it be denied for these procedural reasons.

## FINDINGS OF FACT/REPORT

Plaintiff Control Data and SCSC Corp. contaminated the groundwater on Control Data's site. (Control Data is now known as Ceridian.) Control Data sued SCSC for contribution to the costs of cleanup. It obtained a Judgment against SCSC for one-third of the cost of cleanup, which was affirmed on appeal. *Control Data Corp. v. SCSC Corp.*, 53 F.3d 930 (8th Cir.1995). Plaintiff and SCSC then entered into a settlement which included a Judgment which now totals in excess of $1,000,000 including interest. Under the "Miller–Shugart" settlement, Plaintiff agreed to release SCSC from liability in exchange for an assignment of SCSC's rights under its insurance policies with Garnishee Defendants Allied Insurance Company and Tower Insurance Company. The nature of the instant matter is described in a recent decision of the Court of Appeals for the Eighth Circuit:

> "When a liability insurer denies coverage and refuses to defend its insured, Minnesota law allows the Plaintiff-claimant and the Defendant-insured to enter into a 'Miller–Shugart' settlement, collectible only from the insurer. The plaintiff then proceeds against the insurer by a garnishment action, seeking to establish coverage and collect the settlement. *See Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982)."

*Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 527 (8th Cir.1996).

### *Jurisdiction*

■ At oral argument, the parties were invited to submit Memoranda concerning the question of whether this Court has jurisdiction over this proceeding. Upon review of these Memoranda, we are satisfied that diversity jurisdiction exists in this garnishment proceeding under 28 U.S.C.

§ 1332. Garnishment proceedings are independent civil actions for purposes of determining diversity. *Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa,* 185 F.2d 96, 98–99 (8th Cir.1950); *Randolph v. Employers Mut. Liab. Ins. Co. of Wisc.,* 260 F.2d 461, 463 (8th Cir.1958). The parties acknowledge that there is complete diversity between Plaintiff and all of the Defendants.

■ If diversity jurisdiction were lacking, the Court would nonetheless have supplemental jurisdiction to consider these post-trial efforts to collect a judgment, pursuant to 28 U.S.C. § 1367. See *Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 527 (8th Cir.1996).

### Procedural History

There are no authorities which have considered the precise issues presented by the Motions before the Court, which are governed principally by the provisions of Minnesota garnishment law.

In Minnesota, garnishment actions are provided for by Minn.Stat. § 571.71 *et seq.* Section 571.71 describes the action as "an ancillary proceeding to a civil action" and allows a creditor to issue a summons to commence the action. Section 571.74 prescribes the form and contents of the summons. The duties of a garnishee are described in Section 571.78, which requires the garnishee to make a garnishment disclosure (the form and content of which are prescribed in Section 571.75), retain nonexempt property, and ultimately remit the funds retained.

Plaintiff commenced this garnishment by serving a Garnishment Summons upon Allied Mutual Insurance Company and upon Tower Insurance Company [Docket Nos. 138 and 139]. Allied and Tower each served Disclosures in the form provided by law, in which each asserted that it was not

indebted to the debtor SCSC [Docket Nos. 132 and 133]. Tower served its Disclosure on July 27, 1998. The Allied Disclosure was served by mail on August 3, 1998.[1]

Under Section 571.79(a), a Garnishee is discharged if it "discloses that the garnishee is not indebted to the debtor.... The disclosure is conclusive against the creditor and discharges the garnishee from any further obligation to the creditor...." The discharge provided by Section 571.79 is subject to the aforementioned duties of disclosure under Section 571.78, and to the provisions of Section 571.80, which provides that a garnishee is not discharged if the creditor (or "interested person") makes a motion relating to the garnishment, or moves the court for leave to file a supplemental complaint against the garnishee. Motions under Section 571.80 must be made "within 20 days of the service of the garnishee's disclosure." Minn. Stat. §§ 571.80(a) and 571.75, Subd.4. *Lynch v. Hetman,* 559 N.W.2d 124 (Minn. App.1997, review denied (Minn. March 26, 1997)). No Motions have been made under Section 571 .80.

Plaintiff served Interrogatories upon Garnishee Defendants, in addition to the Garnishment Summons and the Disclosure Form. This was permitted by Section 571.72, subd. 5 of the Minnesota Garnishment statute. The written responses to the Interrogatories of the Garnishee Defendants are attached as Exhibits C and D to the Affidavit of Edwin R. Holmes filed on September 3, 1998 [Docket No. 136]. On September 8, 1998, Plaintiff filed the Motion to Compel Disclosure From Judgment Garnishees which is presently before the Court [Docket No. 134].[2] The Motion seeks to compel further responses to the Interrogatories served by Plaintiff upon the Garnishee Defendants. It does not

---

1. Tower also served an Answer [Docket No. 131] in which it denied liability, relying *inter alia* on a decision of the Minnesota Courts in litigation between SCSC and its insurance companies, *SCSC Corp. v. Allied Mutual Ins. Co.,* 536 N.W.2d 305, 318 (Minn.1995).

2. On September 3, 1998 Plaintiff filed an Affidavit of Edwin R. Holmes, a Certification of Local Rule 37.1 Discovery Conference, and the Garnishment Summonses. [Docket Nos. 136, 137, 138 and 139].

purport to seek relief under Minn.Stat. § 571.80.

The Garnishee Defendants urge that Plaintiff's Motion to Compel should be denied. They argue that their Disclosures were served by August 3, 1998 in the form and with the content required by Section 571.75; that they disclosed that they were not indebted to the debtor; that these Disclosures complied with their duties under Section 571.78; that no Motion has yet been filed under Section 571.80; that therefore they have been discharged by operation of law; and that once they have been discharged, they have "no further obligation to the creditor."[3] They rely upon Minn.Stat. § 571.79(a), which provides that after a disclosure is served, the garnishee is discharged unless a Motion is made under Section 571.80 within 20 days of the disclosure.

Plaintiff contends that the "disclosure" required by Section 571.79(a) includes Answers to Interrogatories. Therefor, they argue, until Defendants serve complete answers to the Interrogatories, it cannot be said that they have made the "disclosure" required by Section 571.79(a). They argue that until the Garnishee Defendants have provided complete Answers to Interrogatories, the time within which they must make a Motion under Section 571.80 does not commence. Plaintiff also contends that the Garnishee Defendants have failed to serve their disclosure upon the debtor, and that they will not have made "disclosure" under Section 571.79(a) until they accomplish this service.

## I. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL

■ We examine first whether a party may be considered to have made the "disclosure" required of a garnishee Defendant under Section 571.79(a) where it has failed to serve Answers to Interrogatories. We conclude that the failure of a garnishee defendant to serve Interrogatory Answers does not delay the discharge of that garnishee defendant, nor postpone the time within which an interested person must make a Motion under Section 571.80 to avoid the discharge of the garnishee defendant.

We do not find in the language of the garnishment statutes any support for the argument of Plaintiff that the "disclosure" contemplated by Minn.Stat. § 571.79(a) is meant to embrace answers to interrogatories. Section 571.79(a) provides:

> "Subject to Sections 571.78 [describing the duties of a garnishee] and 571.80, [permitting a motion within 20 days] the garnishee, after disclosure, shall be discharged of any further obligation to the creditor when one of the following conditions are met: (a) The garnishee discloses that the garnishee is not indebted to the debtor.... The disclosure is conclusive against the creditor and discharges the garnishee from any further obligation to the creditor other than to retain all nonexempt disposable earnings, indebtedness, money, and property of the debtor which was disclosed."

It is the disclosure itself, not answers to Interrogatories, which "discloses that the garnishee is not indebted to the debtor." And it is the fact that the garnishee claims not to be indebted to the debtor that would trigger a decision of an interested person to challenge the garnishee by making a Motion under Section 571.80.

The legislature in Section 571.75 has specified in great and lengthy detail the contents required in a garnishment disclosure, and it does not include interrogatory answers. Section 571.72, subd. 5 requires that disclosure be in the form prescribed by Section 571.75. When Section 571.72, subd. 5 authorizes the service of Interrogatories, it speaks of them separately from the garnishment disclosure. It provides: "The creditor shall serve with the garnish-

---

**3.** The Garnishee Defendants also contend that their Answers to Interrogatories are complete, and that no further response should be re-

quired. We do not reach that issue, because we find that the first issue is dispositive.

ment summons the applicable garnishment disclosure form substantially in the form set forth in section 571.75. The creditor may also serve written interrogatories with the garnishment summons." A garnishee's duty is then to make a disclosure, and to provide separate interrogatory answers. Section 571.72, subd. 2(3) provides in relevant part: "... the garnishee shall serve upon the creditor and upon the debtor within 20 days after service of the garnishment summons, a written disclosure, of the garnishee's indebtedness ... and answers to all written interrogatories that are served with the garnishment summons."

Section 571.82, subd. 1 also speaks of a "disclosure" separately from answers to interrogatories. The term "disclosure" in Section 571.82, subd. 1 must be construed to mean the same thing as "disclosure" means in Section 571.79(a). Under Section 571.82, subd. 1, "If a garnishee fails to serve a disclosure as required in this chapter, the court may render judgment against the garnishee...." The "disclosure" under this section of the statute, like the "disclosure" under Section 571.79(a), means only the garnishment disclosure in the form prescribed by law, and does not also embrace answers to interrogatories. The legislature did not intend that even a complete failure to serve answers to interrogatories would warrant entry of judgment against that party, and certainly did not intend that judgment could be entered against a party which served allegedly "evasive or incomplete" answers to interrogatories. If Plaintiff's interpretation of the statute were adopted, this absurd result would follow. The Minnesota legislature does not intend absurd results. Minn.Stat. § 645.17(1).

We conclude that when the term "disclosure" is used in Section 571.79(a) and in Section 571.82, subd. 1, it means a disclosure in the form prescribed by Section 571.75, and does not include answers to interrogatories. We have not found in Plaintiff's pleadings, nor in our own research, any sound basis upon which we could conclude that a garnishee Defendant

is not discharged under Section 571.79(a) until it serves answers to interrogatories.

There is also another reason why the Motion to Compel should be denied. That is that in this case, the garnishee Defendants *did* serve answers to interrogatories, but Plaintiff did not make a Motion under Section 571.80 within 20 days after receipt of those answers (nor has it yet made such a motion). Even if the motions under Section 571.80 could be made within 20 days of service of answers to interrogatories, in this case Plaintiff did not meet that deadline either. Its only Motion is to Compel Interrogatory Answers, and it has made no Motion under Section 571.80.

Plaintiff asks the Court to further extend the statute, to conclude that the discharge under Section 571.79(a) does not occur until 20 days after *"non-evasive"* answers are served by a garnishee defendant. They point out that under Section 571.72, subd. 1: "Unless this chapter specifically provides otherwise, the Rules of Civil Procedure for the District Courts shall apply in all proceedings under this chapter;" and that under either the Federal or Minnesota Rules of Civil Procedure, "an evasive or incomplete answer, or response is to be treated as a failure to disclose, answer or respond." F.R.C.P Rule 37(a)(3); Minn.R.C.P. Rule 37.01(c).

Plaintiff's argument proceeds from a misreading of the Rules as well as the statute. Federal Rule 37(a) provides remedies where there is a failure to answer interrogatories. Federal Rule 37(a)(3) was adopted in 1970. As the Advisory Committee Note makes clear, this Rule only "makes clear that an evasive or incomplete answer is to be considered, *for purposes of [Rule 37] subdivision (a),* a failure to answer." (Emphasis supplied) It is not intended that this Rule, (or the Minnesota analog, Rule 37.01(c)), have any effect upon the interpretation of Minnesota garnishment law.

It would be stretching statutory language beyond the breaking point to conclude that "disclosure" under Section

571.79(a) meant "non-evasive answers to interrogatories." To so hold would create delays and uncertainty which are the opposite of the legislative intent that these issues be promptly resolved without judicial intervention. Section 571.80(a) requires that motions be made within 20 days after "disclosure," and that the hearing on such motions be scheduled within 30 days of the service of the motion. If the Court were to adopt the position of the Plaintiff, there could be no discharge from a Garnishment Summons until a judicial determination had been made as to the adequacy of the answers to interrogatories.

The interpretation urged by Plaintiff would have the result of creating uncertainty as to the date on which a motion would have to be filed under section 571.80, since a party would always be free to contend that the answers to interrogatories were incomplete. This would mean that judicial interpretation would be required of each garnishment to determine whether the discharge had occurred. We believe the legislature intended that discharge would occur by operation of law, instead of requiring judicial intervention or decision in each of the thousands of garnishment proceedings commenced under this statute. Garnishment rights under the statute are distinct from substantive rights. *See e.g.* Minn.Stat. § 571.86.

We think the statute is plain on its face. A party is discharged from a garnishment summons within 20 days after service of the garnishment disclosure form specified by Section 571.75, unless an interested party makes a Motion within 20 days under Section 571.80. *Lynch v. Hetman,* 559 N.W.2d 124 (Minn.App.1997, review denied. (Minn. March 26, 1997)). A party served with a summons and interrogatories must serve the disclosure, and the answers to interrogatories, within 20 days. Any party which is dissatisfied with the disclosure, or which believes answers to interrogatories are insufficient, must make a motion under Section 571.80 within 20 days after the disclosure, or the garnishee Defendant will be discharged.

This interpretation of the statute provides a "bright line" rule which we believe the legislature intended, and which we believe is followed in practice. The garnishment rights of a party contesting the adequacy of the disclosure or interrogatory answers are not prejudiced by the requirement that it file its motion within 20 days of the garnishment disclosure, as required by Section 571.80. The Plaintiff must protect its rights and may continue to pursue answers to Interrogatories by making its Motion under Section 571.80 within 20 days after the garnishment disclosure form is served. In addition, discharge of a garnishee "is no bar to an action brought against the garnishee by the debtor or other claimants." Minn.Stat. § 571.86.

In an unpublished opinion, the Minnesota Court of Appeals properly observed: "We recognize that the garnishment statutes, formulated as part of the law of creditors' remedies, offer unusual hazards for a personal injury claimant who is using the proceeding solely as an avenue to bring a direct action against a defendant's insurer. But these hazards do not give us the authority to disregard statutory law, and our misapplication of the statute would create a serious risk of wrongfully disturbing settled practice in the field of creditors' remedies law." *Gertken v. Barthel,* 1998 WL 40499 (Minn.App.1998).

We have not overlooked the authorities cited by Plaintiff. Those cases interpreted much different versions of early garnishment law, and held that answers to interrogatories were required under the circumstances presented in those cases. Those authorities do not consider the question of whether the "disclosure" under Section 571.79(a) of the current law embraces answers to interrogatories, and they do not persuade that the statute should be interpreted in the manner urged by Plaintiff.

For the reasons set forth above, we conclude that by operation of Minn.Stat. Section 571.79(a), the garnishee Defendants have been discharged from the summons served by Plaintiff. As a result,

they are no longer under any obligation to serve additional responses to Plaintiff's interrogatories, and Plaintiff's Motion to compel them to do so should be denied.

 Finally, we consider Plaintiff's argument that the Garnishee Defendants have failed to serve the debtor, but have only served the Plaintiff as creditor. In this case, however, Plaintiff stands in the place of both debtor and creditor. Service upon Plaintiff accomplished service upon both debtor and creditor under these circumstances. In any event, to the extent that the debtor has rights independent of the Plaintiff, it is unnecessary to consider them at this time. We have concluded that the Garnishee Defendants have been discharged insofar as Plaintiff seeks to assert any right to seek answers to interrogatories.

## II. THE MOTION TO DISCHARGE TOWER SHOULD BE DENIED WITHOUT PREJUDICE

 In ruling on Plaintiff's Motion to Compel, we have concluded that the Garnishee Defendants have been discharged by operation of law. Plaintiff does not seek further relief from Garnishee Defendants beyond the answers to interrogatories. Garnishee Defendant Tower "seeks a ruling from this Court that simply reiterates the black letter law that it has been and continues to be discharged from this garnishment action." We do not find authority for the Court to enter such an Order under these procedural circumstances. The statute is intended to be self-executing, and the discharge, if appropriate, occurs without the necessity of court action of any kind.

### RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Ceridian's Motion to Compel Disclosure from Judgment Garnishees [Docket No. 134] be denied.

2. Tower Insurance Company's Motion to Discharge Garnishment [Docket No. 141] be denied without prejudice.

3. Ceridian's "Contingent Motion for Relief From Discharge of Judgment Garnishees" [Docket No. 148] be denied.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before February 25, 1999 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before February 25, 1999.