**Robert K. REKO, as Trustee for the surviving spouse, heirs, and next of kin of Darla Reko, deceased, Creditor,**

v.

**CREATIVE PROMOTIONS, INC., Debtor,**

v.

**Atlantic Mutual Insurance Co., Garnishee.**

**Lori Leiner, as trustee for the next-of-kin of Rita M. Thorson, deceased, Creditor,**

v.

**Creative Promotions, Inc., Debtor,**

v.

**Atlantic Mutual Insurance Co., Garnishee.**

**No. 99–588 ADM/AJB, 99–607 ADM/AJB.**

United States District Court, D. Minnesota.

June 10, 1999.

Stephen P. Watters, Rider Bennett Egan & Arundel, Minneapolis, MN, Joel Dean Rath, Rath Law Office, Edina, MN, for Plaintiff.

James S. Ballentine, Schwebel Goetz & Sieben, Minneapolis, MN, for movant.

Amy Rich Paulus, Clausen Miller Gorman Caffrey & Witous, Chicago, IL, Robert E. Kuderer, Matthew Mark Johnson, Johnson & Condon, Edina, MN, for garnishee.

## MEMORANDUM

BOYLAN, United States Magistrate Judge.

■ This litigation arises out of an airplane crash which killed Darla Reko and Rita Thorson, Minnesota residents. Robert Reko, the trustee for the surviving spouse, heirs, and next of kin of Darla Reko [Reko Trustee] and Lori Leiner, the trustee for the next of kin of Rita Thorson [Thorson trustee] entered into *Miller–Shugart* settlement agreements with Creative Promotions Inc., [CPI] a Minnesota corporation, when its liability insurer refused to defend or provide coverage. Under these circumstances Minnesota allows the plaintiff-claimant and the defendant-insured to enter into a settlement, which is only collectible from the insurer. *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982). The plaintiff may then proceed with a garnishment action, seeking to establish coverage and collect the judgment. *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525 (8th Cir.1996).

Pursuant to the *Miller–Shugart* agreement, on February 23, 1999, the Reko trustee served a garnishment summons on Atlantic Mutual Insurance Co., CPI's insurer. In response, Atlantic Mutual filed a Non–Earnings Disclosure denying any duty to indemnify CPI. On March 29, 1999, the Reko trustee filed a motion for leave to file supplemental complaint, with hearing noticed for April 14, 1999. Atlantic Mutual filed a motion to remove to this Court on April 14, 1999.[1] The Reko trustee filed a motion to remand to state court alleging the removal was procedurally improper and diversity jurisdiction is lacking under 28 U.S.C. § 1332.

The first issue raised by the Reko trustee, which is not joined by the Thorson trustee, is whether Atlantic Mutual's removal was timely. Actions brought in state court wherein the district courts of the United States have original jurisdiction are generally removable to the district court of the United States for the district where the action is pending, 28 U.S.C. § 1441(a). The notice of removal by the defendant must be filed within thirty days after the receipt by the defendant, "through service or otherwise," of a copy of the initial pleading. 28 U.S.C. § 1446(b). Case law has established that § 1446(b) requires proper service of the complaint before the thirty day time period commences. *Benson v. Bradley*, 223 F.Supp. 669, 673 (D.Minn.1963); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, ——, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999).

The Reko trustee contends that the garnishment summons should be considered the "initial pleading" that triggers the thirty day removal period. Atlantic Mutual argues that the motion for leave to file a supplemental complaint is the "initial pleading" that triggers the removal period. This appears to be an issue of first impression.[2]

---

**1.** Atlantic Mutual faxed a copy of the notice to the Reko trustee on April 13, 1999.

**2.** Although the timeliness of removal was not an issue in *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525 (8th Cir.1996), the Court notes that

■ Analysis of the Minnesota garnishment proceedings is necessary to determine what constitutes an "initial pleading" to trigger the thirty day removal period. Minnesota law allows a creditor to issue a garnishment summons to any third party at any time after entry of a money judgment in a civil action. Minn.Stat. § 571.71. The garnishee must then complete the garnishment disclosure form. Minn.Stat. § 571.78. A garnishee is discharged when he discloses that he is not indebted to or does not possess any attachable property of the debtor. Minn.Stat. § 571.79(a). However, garnishee will not be discharged if the creditor timely files a motion for leave to file a supplemental complaint. Minn.Stat. § 571.75 Subd. 4. "The supplemental complaint shall set forth the facts upon which the creditor claims to charge the garnishee." *Id.* In the context of a *Miller–Shugart* agreement, the judgment creditor must show probable cause that the liability insurer may be obligated to indemnify the judgment debtor for all or part of the *Miller–Shugart* judgment, the absence of fraud or collusion in the *Miller–Shugart* agreement, and that the agreement was reasonable. *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 529 (8th Cir.1996).

■ Two reasons support adopting the motion for leave to file a supplemental complaint as the trigger for the thirty day removal period. First, if the creditor does not move for leave to file the supplemental complaint, the garnishee may be discharged and there would be nothing to remove. Second, the motion for leave to file a supplemental complaint is akin to filing a complaint in a civil action in that the creditor must set forth facts in support of its claim against the garnishee. The Supreme Court in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, ——, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999) held that removal requires proper service of the complaint before the thirty day time period commences. In the context of garnishment proceedings in Minnesota, the motion for leave to file a supplemental complaint is analogous to filing a new complaint in a civil action and is the appropriate trigger for the thirty day removal period under 28 U.S.C. § 1446(b).

The Reko trustee is joined by the Thorson trustee in its argument that removal was improper. The removal is attacked on three grounds: 1) the garnishment proceeding is not a "civil action" for purposes of removal jurisdiction under 28 U.S.C. § 1441(a) but rather is ancillary to the underlying wrongful death action between the trustees and the tortfeasor, CPI; 2) all defendants did not consent to the removal; 3) diversity jurisdiction is lacking.

■ The first two grounds are without merit. It has long been established that a garnishment proceeding is a suit or civil action within the meaning of those terms in the removal statute. *Stoll v. Hawkeye Cas. Co. of Des Moines, Iowa*, 185 F.2d 96, 98 (8th Cir.1950); *Randolph v. Employers Mutual Liability Ins. Co.*, 260 F.2d 461, 464–65 (8th Cir.1958); *Ceridian Corp. v. SCSC Corp.*, 38 F.Supp.2d 1113, 1114 (D.Minn.1999). While it is true that all defendants must join in a removal petition, *Bradley v. Maryland Cas. Co.*, 382 F.2d 415, 419 (8th Cir.1967), CPI became a nominal party by virtue of its *Miller–Shugart* settlement with the trustees wherein CPI stipulated to an entry of judgment in the amount of $1,550,000 for the Reko trustee and $450,000 for the Thorson trustee, and assigned its claims under an insurance policy provided by Atlantic Mutual. *See Bradley*, 382 F.2d at 419 (finding that third-party defendants for all practical purposes went out of the lawsuit when they executed a stipulation of settlement) *and see Miller v. Shugart*, 316 N.W.2d 729, 735 (Minn.1982)(stating the

the insurance company in that case filed its notice of removal "more than thirty days after it received...(the) garnishment summons, but within thirty days of receiving ...(the) motion for leave to file a supplemental complaint in state court." *Id.* at 528.

effect of the *"Miller–Shugart"* settlement was to substitute the injured claimant for the insureds in a claim against the insurer, with the insureds taking a "passive, disinterested role"). The presence of a nominal party has no controlling significance for removal purposes. *Bradley,* 382 F.2d at 419. CPI's consent for removal of the garnishment proceeding was not necessary for proper removal.

The trustees, citizens of Minnesota and the creditors in the garnishment proceedings, claim that diversity is lacking because the debtor, CPI, is a Minnesota corporation. Removal is available on diversity jurisdiction grounds when none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b). Diversity must exist at the time the original action is filed in state court and at the time of removal. 14B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 at 571 (3d ed.1998). However, before determining removability under § 1441(b), the district court will realign the parties according to their true interests in the outcome of the litigation. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 at 606 (3d ed.1998).

Even if CPI were more than a nominal party in the garnishment proceeding, CPI would be realigned with the creditors for jurisdictional purposes, as it would be in CPI's interest to have the judgment against him satisfied by his insurer. *Randolph v. Employers Mutual Liability Ins. Co.,* 260 F.2d 461, 464 (8th Cir.1958); *Boston v. Titan Indem. Co.,* 34 F.Supp.2d 419, 422 (N.D.Miss.1999). The creditors and debtor, all citizens of Minnesota, would appear to be diverse from the garnishee, a New York corporation. At hearing, creditors suggested that under 28 U.S.C. § 1332(c)(1), the garnishee insurance company should be deemed a citizen of the state of its insured. CPI, the insured, is a citizen of the state of Minnesota

as are creditors, the Reko and Thorson trustees. Diversity would be destroyed if garnishee is deemed a citizen of Minnesota.

Subdivision (c)(1) of the diversity jurisdiction statute states,

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy...to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen....

28 U.S.C. § 1332(c)(1). This clause was adopted in response to "direct action" statutes adopted in Louisiana and Wisconsin allowing direct actions by persons injured in automobile accidents against liability insurers. *Boston v. Titan Indem. Co.,* 34 F.Supp.2d 419, 422–23 (N.D.Miss.1999). The effect of the direct action statute was to create diversity jurisdiction in cases where both the tortfeasor and the injured party were residents of one state, but the tortfeasor's insurer was considered a resident of another state. *Northbrook National Ins. Co. v. Brewer,* 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). The amendment to the diversity statute was adopted because such a result was not within the spirit or intent of diversity jurisdiction. *Prendergast v. Alliance General Ins. Co.,* 921 F.Supp. 653, 655 (E.D.Mo. 1996).

The issue of whether Minnesota's garnishment proceedings constitute a direct action under 28 U.S.C. § 1332(c)(1) is a case of first impression. Some guidance can be taken from the Eastern District of Missouri's holding that the Missouri "equitable garnishment" statute is a direct action as the term is used in § 1332(c)(1). *Prendergast v. Alliance General Ins. Co.,* 921 F.Supp. 653, 655 (E.D.Mo.1996). The

Missouri statute [3] provides a method for collection of insurance proceeds by a plaintiff who has obtained a final judgment against an insured defendant for covered actions. *Id.* at 654.

The *Prendergast* Court reasoned that the insurance company was not being sued under the Missouri garnishment statute for any action it took against the plaintiffs, but was being sued to collect a judgment that was already entered against its insured. *Id.* at 655. The Court concluded that "Missouri's equitable garnishment statute essentially does in two steps what the Louisiana statute did in one step." *Id.* The Court held that the Missouri equitable garnishment statute is a "direct action" statute under 28 U.S.C. § 1332(c)(1).

The District of Maryland held that a Maryland insurance law is a direct action within the meaning of 28 U.S.C. § 1332(c)(1). *Sherman v. Pennsylvania Lumbermen's Mutual Ins. Co.*, 21 F.Supp.2d 543 (D.Md.1998). The statute provides,

> if an injured person is unable, after execution on a final judgment entered in an action against an insured, to recover the full amount of the final judgment, the person may bring an action against the insured's insurer in accordance with the terms of the policy for the lesser of the amount of the judgment recovered in the action against the insured or the amount of the policy.

MD INSURANCE § 19–102(b)(2).

The *Sherman* Court examined the Congressional policy behind § 1332(c)(1), and found the express policy of preventing suit against an insurer in a federal court when both the injured party and the insured were citizens of the same state. *Sherman v. Pennsylvania Lumbermen's Mutual Ins. Co.*, 21 F.Supp.2d 543, 545 (D.Md. 1998). The court held that although the Maryland statute required the plaintiffs to obtain judgment against the insured before filing an action against the insurance

company, the case against the insurance company constitutes a "direct action." *Id.*

This case arises within the context of collection of a judgment pursuant to a *Miller–Shugart* settlement. The effect of the settlement is to substitute the injured party for the insured in a claim against the insurer. *Miller v. Shugart*, 316 N.W.2d 729, 735 (Minn.1982). In *Miller v. Shugart*, the Minnesota Supreme Court held that the injured third party may seek to collect the stipulated judgment entered pursuant to the settlement in a garnishment proceeding against the insurer. *Id.* at 732.

Like the Missouri statute, the Minnesota garnishment procedure provides a method for collection of insurance proceeds by a plaintiff who has obtained a final judgment against an insured defendant for covered actions. The Minnesota garnishment procedure is also similar to the Maryland statute as both allow an action by a judgment creditor against the insured's insurer when the debt is not collectible from the insured (in this case because the insured has entered into a *Miller–Shugart* settlement collectible only from the insurer).

The specific statute in Minnesota which allows a *judgment creditor to take action against an insurer* is § 571.75 Subd. 4. Where the insurer has been served a garnishment summons and denied liability, the creditor may file a supplemental complaint against the insurer and must set forth facts to establish probable cause, in the case of a *Miller Shugart* settlement, that there is insurance coverage and the settlement was absent fraud or collusion and was reasonable. When the creditor makes such a showing, it is allowed to file a complaint against the insurer. Although there are several steps that must be taken before the third party can bring suit against the insurer, *the procedure results in a direct action against the insurer.*

---

**3.** Mo. St. 379.200.

Considering the purpose of 28 U.S.C. § 1332(c)(1), to prevent suit against an insurer in a federal court when both the injured party and the insured are citizens of the same state, even where several steps have to be taken before an injured third party can directly sue the tortfeasor's insurer, the result is the same. When the injured party and the insured are citizens of the same state, Congress has expressed an intent that the insurer should not create diversity jurisdiction to bring the case in federal court. To find that the Minnesota garnishment procedure in the context of a *Miller–Shugart* settlement is not a "direct action" within the meaning of § 1332(c)(1), would defeat the Congressional intent.

Although the Minnesota procedure for bringing a third party action against an insurer differs procedurally from the Louisiana and Wisconsin direct action statutes originally contemplated by Congress, there is no discernable reason to treat differently the Minnesota statutes, which result in the same situation that Congress intended to .prevent. Minnesota statute § 571.75 Subd. 4 acts as a direct action statute when the underlying lawsuit was resolved by a *Miller–Shugart* settlement.[4]

Applying § 1332(c)(1) to the facts of this case, Atlantic Mutual is a citizen of the state of its insured. The insured, CPI, is a citizen of Minnesota. The Reko and Thorson trustees are also citizens of Minnesota. Therefore, all parties in this action are citizens of Minnesota and diversity is lacking. This Court does not have jurisdiction over these cases and they must be remanded to the Dakota County District Court, State of Minnesota.

## ORDER

On May 24, 1999, hearing was held simultaneously in two related cases before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff Robert Reko's motion for remand[5] [Docket No. 5, Case No. 99–588] and plaintiff Lori Leiner's motion for remand [Docket No. 9, Case No. 99–588] and garnishee's motion to strike Lori Leiner's motion to remand [Docket No. 7, Case No. 99–607]. Mike LaFaber Esq. appeared on behalf of plaintiff Reko, James Ballentine, Esq. appeared on behalf of plaintiff Leiner, Amy Paulus and Robert Kuderer Esqs. appeared on behalf of Atlantic Mutual Insurance Co.

Based upon the file and documents contained therein, along with the memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT plaintiffs' motions for remand are granted. [Docket Nos. 5, 9, Case No. 99–588]. Case Numbers 99–588 and 99–607 and the remaining motions [Docket No. 2, Case No. 99–588] shall be remanded to the District Court of Dakota County, State of Minnesota. Garnishee Atlantic Mutual's motion to strike Leiner's motion to remand is denied. [Docket No. 7, Case No. 99–607].

---

4. The Court recognizes that Minn.Stat. § 571.75 Subd. 4 does not expressly relate to actions by a judgment creditor against an insurer but encompasses all types of garnishment proceedings. The holding in this case is limited to garnishment proceedings that arise from the context of a *"Miller–Shugart"* settlement. By virtue of the Minnesota Supreme Court's decision in *Miller v. Shugart*, Minn. Stat. § 571.75 Subd. 4 provides for a direct action by the injured party as a judgment creditor against the insurer.

5. Hearing was held simultaneously for plaintiff's (Lori Leiner) motion to remand in the companion case, file no. 99–607 ADM/AJB.