Evelyn FIELDS Plaintiff

v.

HOUSEHOLD BANK, (SB) N.A. and
Household Credit Services, Inc.
Defendants

No. 2:02CV185–M–B.

United States District Court,
N.D. Mississippi,
Delta Division.

April 16, 2003.

Christopher Ethan Kittell, Twiford
Webster & Gresham, Clarksdale, MS, for
Evelyn Fields, plaintiff.

F. Ewin Henson, III, Upshaw, Williams,
Biggers, Beckham & Riddick, Greenwood,
MS, for Household Bank, (SB) N.A.,
Household Credit Services, Inc., defendants.

## MEMORANDUM OPINION

MILLS, District Judge.

This cause comes before the court upon
the plaintiff's motion to remand [7–1].
The court has reviewed the parties' motions, memoranda, and accompanying exhibits and is now ready to rule.

## FACTS

The plaintiff in this case is Evelyn
Fields ("Evelyn") of Tunica County, Mississippi. The defendants include Household Bank, N.A., a Delaware corporation
not registered to do business within the
state of Mississippi, and Household Credit
Services, a Delaware corporation registered to do business within the state of
Mississippi (collectively "Defendants").

Evelyn alleges that in January of 2001,
an imposter opened an account in her
name, without her knowledge or authorization, with the defendants. The imposter
subsequently sustained charges on the account, which eventually resulted in Evelyn's credit history being ruined.

Evelyn also alleges that this incident
damaged her reputation. In July of 2001,
after the account became due, the defendants sent adverse reports to numerous
credit reporting agencies. Due to these

adverse reports, the U.S. Department of Agriculture denied Evelyn's loan application in September of 2001. On November 5, 2001, after learning why her loan application had been denied, Evelyn called the defendants to inform them that the Household account had been fraudulently opened in her name. She also asked the defendants to remove the adverse reports. Nevertheless, the very next day, the defendants wrote Evelyn a letter demanding payment on the account. Evelyn responded by letter to the defendants stating that the account had been fraudulently opened and that it needed to be removed from the credit reports. Nonetheless, on November 7, 2001, Evelyn received a letter from the defendants demanding that she pay fifty percent of the charges on the account. Thereafter, Evelyn again requested in writing that the defendants remove the fraudulent account from her credit report. Less than two days after her letter, she received another bill from the defendants. Upon her refusal to pay the overdue bill, the defendants sent Evelyn a collection letter disguised as a Christmas card. On January 2, 2002, Evelyn again unsuccessfully applied for a loan with the U.S. Department of Agriculture. Evelyn learned that the credit collection agencies had continued to lower her credit rating during this whole ordeal, as the defendants had continued to publish adverse credit reports on the fraudulently-obtained account.

Accordingly, Evelyn filed suit in the Circuit Court of Tunica County, Mississippi, alleging counts of negligent enablement of identity theft and defamation. She further alleged that she has suffered "mental anxiety, emotional suffering, worry, humiliation, pain and suffering and mental distress" and that she is entitled to punitive damages from the defendants.

The defendants subsequently removed the case based upon diversity jurisdiction.

Evelyn now seeks to remand the case, arguing that the jurisdictional amount in controversy does not exceed the $75,000 threshold.

## LAW

### I. *Standard of Review*

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 376, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). District Courts have original jurisdiction of claims "where the matter in controversy exceeds the sum or value of $75,000" and where the "citizens [are] of different States." 28 U.S.C. § 1332(a) (2000). A defendant may remove a case to federal court if both requirements of diversity jurisdiction have been met. 28 U.S.C. § 1441(a) (2002). Upon removal, the defendant bears the burden of establishing federal jurisdiction. *Atlas Global Group, L.P. v. Grupo Dataflux*, 312 F.3d 168, 176 (5th Cir.2002) (Garza, J., dissenting).

A plaintiff may move to remand the case if the federal court appears to lack subject matter jurisdiction. 28 U.S.C. § 1447(c) (1994). Courts resolve removal doubts in favor of remand. *Boston v. Titan Indem. Co.*, 34 F.Supp.2d 419, 423 n. 21 (N.D.Miss.1999) (citations omitted), *appeal dismissed without op.*, 199 F.3d 437 (5th Cir.1999).

## ANALYSIS

Evelyn's complaint clearly states that she is seeking damages of exactly $75,000, less than the statutory threshold for diversity jurisdiction. Accordingly, unless the defendants can prove by a preponderance of the evidence that the amount in controversy was not made in good faith, then remand is proper. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (stating: "[T]he sum claimed by the plain-

tiff controls if the claim is apparently made in good faith"); *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995), *cert. denied,* 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) (noting that "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount").

In *McLain v. Am. Int'l Recovery, Inc.,* 1 F.Supp.2d 628 (S.D.Miss.1998), Judge Barbour delineated the "preferred approach" to be used by a Defendant to prove that the Plaintiff did not plead in good faith. A defendant could "request the plaintiff to admit, through a request for admission, that she would not seek more than the jurisdictional limit. If the plaintiff denies this request, the case can be removed . . . ." *Draper v. United States Fidelity & Guaranty Co.,* 2000 WL 268565, *3 (S.D.Miss.2000) (citing *McLain,* 1 F.Supp.2d at 631). This court agrees with Judge Barbour's reasoning.

■ In the present action, the defendants, following the procedures set forth in *Draper,* asked Evelyn to admit that she would never seek damages "totaling any more than $75,000.00 in [the] action, inclusive of all compensatory damages, punitive damages and attorneys' fees." Evelyn denied this request, refusing to admit that "she would never seek more than $75,000.00 in damages in this litigation." In fact, in the Motion to Remand, Evelyn admits:

> Defendants based their removal upon Fields' responses to Defendants' Request for Admissions. In her responses, Fields admitted that she is not seeking damages exceeding $75,000.00. **Fields however refused to admit that she would never seek more than $75,000.00 in damages in this litigation.** No discovery has been conducted in this litiga-

tion. Thus Fields is not in a position to affirmatively state that she will never seek damages exceeding $75,000.00. Further, Defendants continue to commit wrongful acts against Fields, causing Fields' damages to continue to accrue. While Fields does not expect that her damages will exceed $75,000.00, she is unable to say for absolutely certain and thus **denied Defendants' request as to her future damages.** (emphasis added).

It is apparent that Evelyn is attempting to play a jurisdictional game with this court. If Evelyn truly wished to remain in state court, then she could have given "a straight-forward response to the request for admission." *Draper,* 2000 WL 268565 at *3. Evelyn did not do this, however. Accordingly, removal was proper since Evelyn "fail[ed] to admit that she would not seek more than the jurisdictional amount." *Id.*

### CONCLUSION

In the present action, the Defendants have proved that the plaintiff did not plead in good faith. **ACCORDINGLY,** this court concludes that the diversity requirements are satisfied, and therefore plaintiff's motion to remand is **DENIED.** An order to that effect will issue this day.

### ORDER DENYING MOTION TO REMAND TO STATE COURT

Pursuant to a memorandum opinion issued this day, it is hereby **ORDERED THAT:** the plaintiffs' motion to remand [7–1] is hereby **DENIED.**